1  SEYFARTH SHAW LLP
   Jon Meer (SBN 144389)
2  E-mail: jmeer@seyfarth.com
   Sheryl L. Skibbe (SBN 199441)
3  E-mail: sskibbe@seyfarth.com
   Casey J.T. McCoy (SBN 229106)
4  E-mail: cjtmccoy@seyfarth.com
   Maya Harel (SBN 291990)
5  E-mail: mharel@seyfarth.com
   2029 Century Park East, Suite 3500
6  Los Angeles, California 90067-3021
   Telephone:    (310) 277-7200
7  Facsimile:    (310) 201-5219

8  Attorneys for Defendant
   CONVERSE INC.
9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12

13  ERIC CHAVEZ, as an individual and on behalf of    Case No. 5:15-cv-03746-NC
    all others similarly situated,
14                                                    **ORDER GRANTING DEFENDANT'S
                                                      PROPOSAL FOR VIDEO PRESERVATION**
15                  Plaintiffs,

16         v.
                                                      Complaint Filed:  July 10, 2015
17  CONVERSE, INC., a Delaware corporation; and       FAC Filed:        December 4, 2015
    DOES 1 through 50, inclusive,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

After considering (1) the Joint Further Case Management Statement [Dkt. No. 32]; (2) the Declaration of Sheryl Skibbe filed concurrently with the Joint Report, with excerpts from the 30(b)(6) deposition attached as Exhibit A [Dkt. 32-1]; (3) the Proposed Order Regarding Defendant's Preservation Of Video Surveillance, submitted by Plaintiff [Dkt. No. 33]; (4) Defendant's Response Re Video Preservation Dispute; (5) the Declaration of Corey May In Support Of Defendant's Response Re Video Preservation Dispute; (6) the Proposed Order Granting Defendant's Proposal For Video Preservation, submitted by Defendant; and (7) arguments of counsel at both the November 18, 2015 Case Management Conference and the January 13, 2016 Further Case Management Conference, for good cause shown, the Court finds as follows:

1. By preserving video footage from November 20, 2015 to December 18, 2015, Defendant already has preserved 29 days of video from its 21 California retail store locations. Thirteen of those stores have preserved full days of video footage from the camera facing the front door and the camera facing the time clock, if one exists. Seven of those stores have been unable to preserve full days of video footage because of the camera system used, known as FlexWATCH. Because the FlexWATCH system requires minute-by-minute downloading, preserving a full day of video would require the stores only computer to be used and would remove managers from the sales floor, placing a heavy burden on Defendant. The Court recognizes that Defendant already has incurred a heavy burden on its store operations and profitability by preserving 29 days of video.

2. The Federal Rules of Civil Procedure provide that "Parties may obtain discovery that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Given that Defendant already has retained many days of video footage, that Plaintiff is unlikely to watch the entirety of the video footage already preserved, that additional video footage will not necessarily resolve the issues in dispute, and considering the burden and expense of continued preservation, as explained by

Corey May in his declaration and in his deposition taken pursuant to FRCP, Rule 30(b)(6), Defendant will be required to preserve the following:

    a. Preservation of the time period as ordered by the Court (from November 20, 2015 to December 11, 2015) from all California retail stores, but preservation of only 15-minutes of closing video from the FlexWATCH stores.

    b. Preservation of the time period agreed to by the parties (December 12, 2015 to December 18, 2015) from all California retail stores, but preservation of only 15-minutes of closing video from the FlexWATCH stores.

    c. Preservation of 5 full days from 5 non-FlexWATCH stores in January 2016. To the extent Plaintiff wishes to preserve video from FlexWATCH stores, only 3 hours of video will be preserved from those stores, as that is comparable to the time it takes to export a full day of video from non-FlexWATCH stores.

    d. Preservation of 5 full days from 5 non-FlexWatch stores in February 2016. To the extent Plaintiff wishes to preserve video from FlexWATCH stores, only 3 hours of video will be preserved from those stores, as that is comparable to the time it takes to export a full day of video from non-FlexWATCH stores.

3. Any further requirement that Defendant preserve additional video prior to class certification would be disproportional.

**IT IS SO ORDERED.**

Dated: January 21, 2016

By: _____
MAGISTRATE JUDGE

GRANTED
Judge Nathanael M. Cousins