SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
jmeer@seyfarth.com
Sheryl L. Skibbe (SBN 199441)
sskibbe@seyfarth.com
Casey J.T. McCoy (SBN 229106)
cjtmccoy@seyfarth.com
Michael Afar (SBN 298990)
mafar@seyfarth.com
2029 Century Park East, 35th Floor
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
CONVERSE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHAVEZ, as an individual and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> CONVERSE, INC., a Delaware corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. 15-cv-03746-NC <br><br> [*The Hon. Nathanael Cousins*] <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGEMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> [*Filed concurrently with Declaration of Fabi Arevalo; Declaration of Casey J.T. McCoy; and [Proposed] Order Granting Defendant's Motion for Partial Summary Judgment or, In The Alternative, Summary Adjudication of Issues*] <br><br> Date: June 1, 2016 <br> Time: 1:00 p.m. <br> Courtroom: 7, 4th Floor <br><br> *Complaint Filed:* July 10, 2015 <br> *FAC Filed:* December 4, 2015 |

MOTION FOR PARTIAL SUMMARY JUDGMENT OR ADJUDICATION OF ISSUES
Case No. 15-CV-03746-NC

24695866v.5

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION .................................................................................... 1

RELIEF SOUGHT ..................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 3

I.  INTRODUCTION .......................................................................................................... 3

II. STATEMENT OF FACTS ............................................................................................. 3

    A.  Chavez Alleges Claims for Unpaid Overtime Wages......................................... 3

    B.  Chavez's Employment History ........................................................................... 4

        1.  Chavez Worked as a Nonexempt Store Associate at Converse's Gilroy Store .......................................................................................... 4

        2.  Converse Paid Chavez Quarterly Bonuses Pursuant to the Terms of the Converse's Store Associate's Bonus Plan ................................................ 4

III. LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT ..................... 6

IV. BONUSES BASED ON A PERCENTAGE OF THE TOTAL ELIGIBLE EARNINGS DO NOT CHANGE AN EMPLOYEE'S "REGULAR RATE" OF PAY ..................... 6

    A.  California Looks To Federal Law When Determining The "Regular Rate" Of Pay For Purposes Of Overtime Calculations ...................................................... 7

    B.  A Bonus Payment Based On A Percentage Of The Employee's Total Earnings Does Not Impact The "Regular Rate" Of Pay For Overtime Compensation .... 8

    C.  Converse Implemented A Lawful Percentage Bonus Plan ............................. 10

V.  CHAVEZ'S DERIVATIVE CLAIMS BASED ON THE FAILURE TO PAY OVERTIME BASED ON THE PROPER "REGULAR RATE" OF PAY CLAIM ALSO FAIL............................................................................................................................. 11

    A.  Claim For Failure To Pay Wages Due At Time Of Termination (Encompassed within Second Cause of Action) ...................................................................... 11

    B.  Claim For Inaccurate Wage Statements (Fifth Cause of Action) .................... 11

    C.  Claim For PAGA Penalties (Sixth Cause of Action)....................................... 12

    D.  Claim For Unfair Business Practices (Seventh Cause of Action).................... 12

VI. CONCLUSION............................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Alonzo v. Maximus, Inc.*
  832 F. Supp. 2d 1122 (C.D. Cal. 2011) ................................................................................7, 10

*Brock v. Two R Drilling Co.*
  789 F.2d 1177 (5th Cir. 1986) .................................................................................................9

*Celotex Corp. v. Catrett*
  477 U.S. 317, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986) ......................................................5, 6

*Porch v. Masterfoods, USA, Inc.*
  685 F. Supp. 2d 1058 (C.D. Cal. 2008) .................................................................................12

*Priyanto v. M/S Amsterdam*
  2009 WL 650734 (C.D. Cal. Mar. 11, 2009) ..........................................................................6

*Siomkin v. Fairchild Camera & Instrument Corp.*
  174 F.2d 289 (2nd Cir. 1949) .............................................................................................., 9

*Vazquez v. TWC Admin. LLC*
  2015 WL 2084486 (C.D. Cal. May 4, 2015) ....................................................................7, 10

*White v. Starbucks Corp.*
  497 F. Supp. 2d 1080 (N.D. Cal. 2007) ................................................................................12

**CALIFORNIA CASES**

*Advanced–Tech Sec. Servs., Inc. v. Superior Court*
  163 Cal. App. 4th 700 (2008) .................................................................................................7

*Alvardo v. Dart Container Corp. of California*
  243 Cal.App.4th 1200, 1218 (2016) .......................................................................................9

*Huntington Memorial Hosp. v. Superior Court*
  131 Cal. App. 4th 893 (2005) .................................................................................................7

*Ingels v. Westwood One Broadcasting Services, Inc.*
  129 Cal. App. 4th 1050 (2005) .............................................................................................12

*Krantz v. BT Visual Images*
  89 Cal. App. 4th 164 (2001) .................................................................................................12

*Prachasaisoradej v. Ralphs Grocery Co., Inc.*
  42 Cal. 4th 217 (2007) ............................................................................................................7

*Price v. Starbucks Corp.*
  192 Cal. App. 4th 1136 (2011) .............................................................................................12

**FEDERAL STATUTES**

29 U.S.C. § 207(e) ...................................................................................................................7

**CALIFORNIA STATUTES**

Cal. Bus. & Prof. Code § 17200 ..................................................................................2, 3, 12

Cal. Bus. & Prof. Code § 17208 ............................................................................................4

Cal. Labor Code § 203 .........................................................................................................12

Cal. Labor Code § 226 .........................................................................................................12

Cal. Lab. Code § 226(a) .....................................................................................................1, 3

Cal. Lab. Code § 226.7 ..........................................................................................................3

Cal. Lab. Code § 510 ....................................................................................................3, 4, 7

Cal. Lab. Code § 510(a) ........................................................................................................7

Cal. Lab. Code § 512 .............................................................................................................3

Cal. Lab. Code § 1194 .......................................................................................................3, 4

Cal. Lab. Code § 1197 ...........................................................................................................3

Cal. Lab. Code § 1197.1 ........................................................................................................3

Cal. Lab. Code § 2698 .......................................................................................................2, 3

**OTHER AUTHORITIES**

29 C.F.R. § 778.109 ..............................................................................................................7

29 C.F.R. § 778.210 .........................................................................................1, 2, 8, 10, 11

29 C.F.R. § 778.211(c) ..........................................................................................................8

29 C.F.R. § 778.503 ..........................................................................................................3, 8

FED. R. CIV. P. 56 ..............................................................................................................1, 5

FED. R. CIV. P. 56(c) .............................................................................................................6

**NOTICE OF MOTION AND MOTION**

NOTICE IS HEREBY GIVEN that on June 1, 2016, at 1:00 p.m. or as soon thereafter as may be heard, before the Honorable Nathanael Cousins, in Courtroom 7 of the above-entitled court, located at 280 South 1st Street, San Jose, CA, 95113, Defendant Converse, Inc. will move, and hereby does move, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Northern District Local Rule 56, either for partial summary judgment in its favor and against Plaintiff Eric Chavez on the following issues, or any of them, or, in the alternative, for an order adjudicating the following issues, or any of them, on the grounds that the issues do not raise a genuine issue of material fact; that no further proof thereon shall be required or permitted at trial of this action; and that any final judgment in this action, in addition to any matters determined at trial, shall be based on these issues so established:

**RELIEF SOUGHT**

**<u>Count II</u>**
**Violation of California Labor Code §§ 510 and 1194**

<u>Issue One</u>:  Plaintiff's claim for unpaid overtime wages based on Defendant's alleged failure to include quarterly bonus payments into his regular rate of pay fails as a matter of law.  Converse properly calculated Plaintiff's regular rate pursuant to 29 C.F.R. § 778.210 (explaining paying a "percentage of total earnings as bonus . . . will satisfy in full the overtime provisions") because the quarterly bonuses were paid as a percentage of Plaintiff's total earnings.

<u>Issue Two</u>:  Plaintiff's claim for waiting time penalties under Labor Code §§ 201-203 fails as a matter of law to the extent Plaintiff's claim is based on the incorrect calculation of his regular rate of pay and the failure to pay all overtime wages owed.  Because Defendant did not incorrectly calculate Plaintiff's regular rate of pay based on the payment of quarterly bonuses, Plaintiff is not owed any waiting time penalties pursuant to Labor Code §§ 201-203.

**<u>Count V</u>**
**Violation of California Labor Code §226(a)**

<u>Issue Three</u>:  Plaintiff's claim for penalties under Labor Code §226(a), (e) fails as a matter of law to the extent Plaintiff's claim is based on the incorrect calculation of the regular rate of pay and the

failure to pay all overtime wages. Converse correctly calculated the regular rate of pay for overtime wages and therefore provided accurate wage statements to Plaintiff.

**Count VI**
**Penalties Pursuant to the Private Attorneys General Act of 2004 (Labor Code §§ 2698 et seq.)**

Issue Four: Plaintiff's claim for penalties under California Private Attorneys' General Act, Labor Code §§ 2698 et seq., fails as matter of law to the extent the claim arises from the failure to pay overtime wages as a result of the miscalculation of Plaintiff's regular rate of pay. Plaintiff cannot establish a violation of the Labor Code based on Defendant's failure to include quarterly bonuses in his regular rate of pay because the quarterly bonuses were correctly paid as a percentage of his total earnings pursuant to 29 C.F.R. § 778.210.

**Count VII**
**Violation of California Business and Professions Code Section 17200 et seq.**

Issue Five: Plaintiff's claim for unfair competition under Business and Professions Code §17200 fails as a matter of law to the extent the claim arises from the failure to pay overtime wages as a result of the miscalculation of Plaintiff's regular rate of pay. Plaintiff cannot establish a violation of the Labor Code based on Defendant's failure to include quarterly bonuses in his regular rate of pay because the quarterly bonuses were correctly paid as a percentage of his total earnings pursuant to 29 C.F.R. § 778.210.

This Motion is based on this Notice of Motion and Motion for Partial Summary Judgment or, in the Alternative, Summary Adjudication of Issues, the accompanying Memorandum of Points and Authorities in Support, the Declaration of Casey J.T. McCoy and attached portions of Plaintiff's deposition transcript, the Declaration of Fabi Arevalo and accompanying exhibits, and all other pleadings and papers on file in this action, and upon such evidence, argument, and authorities as may be present to the Court prior to or at the time of the hearing.

24695866v.5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Quarterly bonus payments made to Plaintiff Eric Chavez did not need to be included in his regular rate of pay and Converse did not need to recompute Chavez's overtime to include the bonus payments because the bonus payments were based on a percentage of the total wages Chavez had earned each quarter. As the federal regulations explain, and which California follows, a bonus based on a percentage of total wages "increases both straight time and overtime wages by the same percentage, and thereby includes proper overtime compensation as an arithmetic fact." 29 C.F.R. § 778.503.

The undisputed evidence demonstrates that Chavez received quarterly bonuses pursuant to Converse's Store Associate Bonus Plan, which pays quarterly bonuses as a percentage of an employee's total earnings for the quarter. Accordingly, Chavez's claim that Converse failed to pay all overtime compensation by not including quarterly bonuses in his regular rate of pay fails as a matter of law.

Converse is entitled to partial summary judgment or summary adjudication on the issue of unpaid overtime wages based on Converse's alleged failure to pay overtime by not including quarterly bonuses in Chavez's regular rate of pay. Converse also is entitled to partial summary judgment or summary adjudication on the issues of waiting time penalties, inaccurate wage statements, unfair competition and PAGA penalties arising from Chavez's claim that he is owed additional overtime compensation because Converse failed to include quarterly bonuses in his regular rate of pay.

## II. STATEMENT OF FACTS

### A. Chavez Alleges Claims for Unpaid Overtime Wages

The First Amended Complaint ("FAC") contains seven causes of action, generically labeled as (1) "Violation of Cal. Labor Code §§ 1194, 1197, and 1197.1;" (2) "Violation of Cal. Labor Code §§ 510 and 1194;" (3) "Violation of Cal. Labor Code §§ 226.7 and 512;" (4) "Violation of Cal. Labor Code § 226.7;" (5) "Violation of Cal. Labor Code §§226(a);" (6) "Violation of Cal. Labor Code § 2698, et seq.;" and (7) "Violation of California Business and Professions Code Section 17200 et seq." (hereinafter, the "UCL").

The first cause of action for unpaid wages alleges two separate claims—"failing to pay

employees [minimum and overtime wages] for time spent undergoing security checks after they were clocked-out;" and "failing to pay overtime based on the correct regular rate of pay." The fifth, sixth and seventh causes of action are purely derivative, as they seek additional remedies based on the same alleged legal violations.

For purposes of this motion, Converse focuses on the allegations that Converse violated Labor Code sections 510 and 1194 by allegedly "failing to pay overtime based on the correct regular rate of pay" and Plaintiff's derivative claims based on this same theory. Specifically, the FAC alleges that Chavez's regular rate of hourly pay was inaccurate because Converse failed to "include non-discretionary incentive pay, including without limitation, quarterly bonuses . . . into the regular rate of pay for purposes of calculating revised and increased overtime pay."[1] FAC ¶¶ 36-40.

### B. Chavez's Employment History

#### 1. Chavez Worked as a Nonexempt Store Associate at Converse's Gilroy Store

Chavez worked at Converse's Factory Store in Gilroy, California as a nonexempt employee from September 2010, until he voluntarily terminated his employment on October 13, 2015. (FAC ¶ 8.)

Converse generally scheduled Chavez to work shifts of less than 5 hours, but on occasion, he was scheduled for longer shifts. (Pl.'s Dep. at 70:10-12.)[2] During his entire five years of employment, Chavez only worked more than eight hours on a handful of occasions. (Pl.'s Dep. at 71:10-16). For straight time hours, Converse paid Chavez $10.23 per hour. (Pl.'s Dep. 113:12-13.) Chavez was paid time-and-a-half for overtime. (Kiefer Dep. at 208:20-24.)[3]

#### 2. Converse Paid Chavez Quarterly Bonuses Pursuant to the Terms of the Converse's Store Associate's Bonus Plan

Converse also paid Chavez quarterly bonuses during the time period July 10, 2011 to December

---

[1] The quarterly bonuses are the only non-discretionary incentive pay Chavez earned during this period.

[2] Chavez's deposition testimony is referenced as "Pl.'s Dep. [page]:[lines]." Cited deposition testimony is attached to the concurrently filed Declaration of Casey J.T. McCoy.

[3] The deposition testimony of Converse's corporate representative, Kimberly Kiefer, is referenced as "Kiefer Dep. [page]:[lines]." Cited deposition testimony is attached to the concurrently filed Declaration of Casey J.T. McCoy.

2015.  (Declaration of Fabi Arevalo ["Arevalo Decl."] ¶ 4).[4]  Converse paid Chavez each of his quarterly bonuses pursuant to the terms of the Converse Direct to Consumer (sometimes referred to as "DTC") Bonus Plan for Store Associates for the relevant fiscal year.  (Arevalo Decl. ¶¶ 3,5.)  The written bonus plan states that eligible employees were paid a quarterly bonus based on a percentage of the employee's total quarterly earnings, including all straight time, overtime, paid time off and merit developmental lump sum awards.  (Arevalo Decl. ¶¶ 3, Exhs. A-D.)  Specifically, the bonus consisted of a percentage, determined by a formula, of the employee's "quarterly earnings" during the relevant period.  (*Id.*)[5]  The quarterly bonus plan defined "quarterly earnings" to include:

> base pay, any over time, paid time off, and merit developmental lump sum awards.

(Arevalo Decl. ¶¶ 3, Exhs. A-D; Kiefer Dep. at 192:13-21.)  The same formula has been used since at least 2011.  (Kiefer Dep. at 195:22-196:2.)[6]

During Chavez's employment from July 10, 2011 to his voluntary termination, Converse has calculated quarterly bonus payments according to a formula that includes any overtime Chavez worked.  Despite working 18 quarters during this period, there were only five quarters during which Chavez worked overtime and received a bonus.  (Arevalo Decl. ¶ 5.)  For each of those quarters, Chavez's overtime pay was included in the calculation of his quarterly bonuses, consistent with the bonus plan documents.  (*Id.*)

---

[4] Although Chavez began working for Converse before July 10, 2011, pursuant to the four year statute of limitations that applies to his claim for restitution for failing to pay overtime based on the correct regular rate of pay, the relevant time period is July 10, 2011 through his voluntary termination. Cal. Bus. & Prof. Code § 17208.

[5] For example, for fiscal years 2012 through 2016, the bonus plan provided that the bonus is calculated according to the following formula:  "quarterly earnings x target % (5% for Store Associates) x 100% x the store revenue achievement percentage."  (Arevalo Decl. ¶ 3, Exhs. A-D; Kiefer Dep. at 194:9-14)  Performance must be above a minimum threshold of 85% of the store performance goal before payout is triggered.  If the performance meets the goal, the "store revenue achievement percentage" will be 100%.  If performance exceeds the goal, the "store revenue achievement percentage" will increase to a maximum payout of 150%.  If performance falls below the goal but is still above the 85% threshold, the "store revenue achievement percentage" will decrease to a minimum payout of 50%.

[6] It is worth noting that the only claim raised by Chavez in connection with his bonus is whether he is owed additional overtime because the bonus was not factored into his regular rate of pay for overtime purposes. Chavez admitted in deposition that he "couldn't say" how his bonus was calculated or "dispute that the bonus policy includes overtime that was paid." (Pl.'s Dep. at 72:6,9; 76:3-16).

### III. LEGAL STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure empowers the Court to enter summary judgment on factually unsupported claims or defenses, and thereby "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element of his or her claim on which that party will bear the burden of proof at trial. *Id.* at 322-23. Once the moving party has satisfied this burden, the nonmoving party cannot rest on the mere allegations or denials of his pleading, but must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. *Id.* at 325.

Additionally, where a plaintiff combines distinct claims into a single claim for relief, the Court can adjudicate the distinct claims separately. *See, e.g., Priyanto v. M/S Amsterdam*, 2009 WL 650734, at *4 (C.D. Cal. Mar. 11, 2009) ("In the SAC, Plaintiffs make several allegations of unpaid overtime wages that are 'tucked away' in various specified claims for relief. To determine whether partial summary judgment is appropriate, each alleged basis for recovering unpaid overtime wages must be examined separately.").

### IV. BONUSES BASED ON A PERCENTAGE OF THE TOTAL ELIGIBLE EARNINGS DO NOT CHANGE AN EMPLOYEE'S "REGULAR RATE" OF PAY

Plaintiff claims that "during pay periods wherein [he] worked overtime, Plaintiff also earned non-discretionary incentive pay, including without limitation, quarterly bonuses." (FAC ¶ 38) Plaintiff asserts that Converse "did not calculate and/or factor such remuneration into the regular rate of pay for

6
MOTION FOR PARTIAL SUMMARY JUDGMENT OR ADJUDICATION OF ISSUES
Case No. 15-CV-03746-NC

24695866v.5

purposes of calculating revised and increased overtime pay" and, due to the alleged failure to include bonuses in his "regular rate," Plaintiff alleges that his overtime rate was incorrect. (*Id.*)

All of the applicable authorities—California case law, federal case law and federal regulations—demonstrate that Converse's bonus plans were lawful because they paid a percentage of earnings and, therefore, the regular rate did not need to be recalculated when percentage bonuses were paid.

### A. California Looks To Federal Law When Determining The "Regular Rate" Of Pay For Purposes Of Overtime Calculations

Under California Law, when an employee works over eight hours in a day or more than 40 hours in a week, the employer must compensate the employee at a rate no less than one and one-half times the "regular rate of pay" for the employee. Cal. Lab. Code § 510(a).

In determining the regular rate of pay, California courts adopt the definition of "regular rate" standard set forth in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(e), and accompanying federal regulations. *See Prachasaisoradej v. Ralphs Grocery Co., Inc.*, 42 Cal. 4th 217, 242 n. 14 (2007) ("California follows the federal standard for purposes of determining, under the Labor Code, what constitutes the employee's regular pay subject to an overtime rate."); *accord Advanced–Tech Sec. Servs., Inc. v. Superior Court,* 163 Cal. App. 4th 700, 707, 77 (2008) (holding that California courts look to U.S. Department of Labor regulations interpreting the "regular rate" of pay under the FLSA to interpret that term as used in California Labor Code § 510); *Huntington Memorial Hosp. v. Superior Court*, 131 Cal. App. 4th 893, 902-03 (2005) (summarizing California administrative position that failure of California Industrial Welfare Commission to define the regular rate indicates an intent that California adhere to the FLSA definition; applying section 207 to determine regular rate under California law); *Alonzo v. Maximus, Inc*., 832 F. Supp. 2d 1122, 1129 (C.D. Cal. 2011) (finding federal law defining and interpreting "regular rate" under the FLSA governs bonus/overtime claim); *Vazquez v. TWC Admin. LLC*, 2015 WL 2084486 at *1 (C.D. Cal. May 4, 2015) ("Courts and the California Department of Labor Standards Enforcement ("DLSE") look[ ] to FLSA standards to interpret the 'regular rate of pay' under California law.")(citations omitted); DLSE Enforcement Policies and Interpretative Manual § 49.1.2.

Under the FLSA, the regular rate is "a rate per hour . . . determined by dividing . . . total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by [an employee] in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

Thus, for example, if an employee was paid $400 per week and worked 40 hours, his regular rate of pay would $10 ($400 divided by 40 hours).  If the employee received a non-discretionary hours-based bonus of $40 for the same workweek, his total compensation would be $440 ($400 straight-time wages + $40 bonus) and his regular rate would be $11 ($440 divided by 40 total hours).

### B. A Bonus Payment Based On A Percentage Of The Employee's Total Earnings Does Not Impact The "Regular Rate" Of Pay For Overtime Compensation

An employee's regular rate includes bonuses intended to increase an employee's efforts or reward for past effort.  These bonuses generally include bonuses for production, efficiency, quality and accuracy of work, attendance, duration of service, and bonuses promised when an employee is hired. *See* 29 C.F.R. § 778.211(c) ("Bonuses which are announced to employees to induce them to work more steadily or more rapidly or more efficiently or to remain with the firm are regarded as part of the regular rate of pay.  Attendance bonuses, individual or group production bonuses, bonuses for quality and accuracy of work, bonuses contingent upon the employee's continuing in employment until the time the payment is to be made and the like are in this category.  They must be included in the regular rate of pay.").

Where, however, a bonus is calculated as a percentage of an employee's total wages, including both straight-time and overtime wages, it increases straight-time and overtime pay by the same percentage.  Accordingly, the law specifically exempts "percentage of total earnings" bonuses from the employee's regular rate of pay for overtime purposes.  29 C.F.R. § 778.210 ("a [bonus plan] may provide for the payment of additional compensation in the way of a bonus at the rate of 10 percent of the employee's straight-time earnings, and 10 percent of his overtime earnings.  In such instances, of course, payments according to the [bonus plan] will satisfy in full the overtime provisions of the Act and **no recomputation will be required**.") (emphasis added); *see also*, 29 C.F.R. § 778.503 (noting that a

8

MOTION FOR PARTIAL SUMMARY JUDGMENT OR ADJUDICATION OF ISSUES
Case No. 15-CV-03746-NC

24695866v.5

bonus based on a percentage of total wages "increases both straight time and overtime wages by the same percentage, and thereby includes proper overtime compensation as an arithmetic fact.").

Cases uniformly hold that percentage bonuses do not require recalculation of the regular rate because all components of pay are proportionally increased by the payment of the same percentage. Thus, a "percentage bonus" accounts for the "regular rate" for calculating overtime wages, because the percentage bonus applies to overtime wages that have already been earned.

For example, in *Siomkin v. Fairchild Camera & Instrument Corp.*, 174 F.2d 289 (2nd Cir. 1949), the Court held that no overtime payment was due for bonuses which were computed upon a percentage of total earnings. *Id.* at 294. There, Judge Learned Hand explained that a bonus that is based on the percentage of total earnings does not affect the "regular rate of pay" because the bonus itself already increased each unit of compensation, including straight-time earnings and overtime earnings:

> When a percentage is applied to an employee's current earnings, it would . . . normally be treated as an increase in each unit of pay—straight time and overtime—just as any percentage is ordinarily reckoned . . . .

*Id.* at 293; *accord Brock v. Two R Drilling Co.*, 789 F.2d 1177, 1179 (5th Cir. 1986) ("the bonus is deemed to increase the straight time pay and the overtime pay by the same percentage, thus not altering the ratio between them").

The U.S. Department of Labor ("DOL") concurs with the reasoning in *Siomkin*. In an August 26, 2006 Opinion Letter, the DOL concluded that a bonus paid as a predetermined percentage of an employee's total compensation—including straight-time, overtime, bonuses, and commissions—increases the total earnings by the same percentage, and thereby properly including overtime compensation as an arithmetic fact:

> **Percentage of total earnings as bonus.** In some instances the contract or plan for the payment of a bonus may also provide for the simultaneous payment of overtime compensation due on the bonus. For example, a contract made prior to the performance of services may provide for the payment of additional compensation in the way of a bonus at the rate of 10 percent of the employee's straight-time earnings, and 10 percent of his overtime earnings. In such instances, of course, payments according to the contract will satisfy in full the overtime provisions of the Act and no recomputation will be required.

*See August 26, 2005 Department of Labor Opinion Letter*, 2005 WL 3308593 (finding that conditional

9
MOTION FOR PARTIAL SUMMARY JUDGMENT OR ADJUDICATION OF ISSUES
Case No. 15-CV-03746-NC

24695866v.5

incentive percentage bonus plans based on the company's performance is lawful).

California law follows the FLSA and the above accompanying federal regulations for purposes of determining the regular rate of pay for bonus calculations. *See Alvardo v. Dart Container Corp. of California,* 243 Cal .App. 4th 1200, 1218 (2016) (granting summary judgment in employer's favor after finding employer "lawfully used the federal formula" found in the federal regulations for computing overtime on plaintiff's flat sum bonuses); *see also Alonzo,* 832 F. Supp. 2d at 1129 (federal law defining and interpreting "regular rate" under the FLSA governs bonus/overtime claim); *Vazquez v. TWC Admin. LLC*, 2015 WL 2084486 at *1 (same).

### C. <u>Converse Implemented A Lawful Percentage Bonus Plan</u>

In this case, Converse implemented a lawful written percentage bonus plan in each of the years relevant to the claims in the FAC—2012, 2013, 2014, 2015.  (Arevalo Decl. ¶ 3, Exh. A-D.)  Plaintiff's claim for unpaid overtime based on the miscalculation of his regular rate thus fails because the bonus plans for each of these years accounted for Plaintiff's overtime earnings to compute each quarterly bonus.

Specifically, as a "Store Associate," Chavez was eligible to receive up to a target percentage (5% in FY 2012-FY 2016) of his quarterly earnings in a bonus based on store revenue achievement.  The bonus plans provide that the bonus is calculated according to the following formula:  "quarterly earnings x target percentage (5%) x 100% x the store revenue achievement percentage."  (Arevalo Decl. ¶¶ 3,5, Exhs. A-C; Kiefer Dep. at 194:10-14.)  It specifies that "quarterly earnings" includes all "base pay, any over time, paid time off, and merit developmental lump sum awards" in the total eligible earnings that were subject to the percentage bonus.  (*Id*.; Kiefer Dep. at 192:13-21.)  Stated another way, the percentage bonus was calculated as a percentage of Chavez's total wages, including both straight-time and overtime wages:

> Q. And just if I'm understanding the calculations correctly . . . the Quarterly Earnings include Base Pay, which I guess would be Straight Time?
>
> A. Yes, Straight Time.
>
> Q. Overtime?

10
MOTION FOR PARTIAL SUMMARY JUDGMENT OR ADJUDICATION OF ISSUES
Case No. 15-CV-03746-NC

24695866v.5

A. Yes.

(Kiefer Dep. at 194:18-14.) Such a bonus structure—one based on an employee's total earnings, including overtime pay—is entirely compliant with the FLSA and therefore California law. 29 C.F.R. § 778.210 (permissible to pay percentage of straight-time and overtime earnings as bonus without need to recalculate regular rate of pay). As succinctly stated by Converse's corporate representative, "the overtime rate itself is taken into consideration when we pay out the bonus." (Kiefer Dep. at 208:6-7.)

Moreover, Converse properly paid Chavez according to this lawful bonus plan. As stated in each of the applicable bonus plans, Chavez was paid quarterly bonuses based on a percentage of his "quarterly earnings," which includes all straight time and overtime compensation paid during that quarter. (Arevalo Decl. ¶ 5.) In other words, during each of the quarters in which Chavez worked overtime, Chavez's overtime pay was included in the calculation of his quarterly bonus. (*Id.*) Converse thus complied with 29 C.F.R. section 778.210 and properly incorporated overtime in the calculation of the bonus, requiring no recomputation for the quarters in which he received a bonus and worked overtime.

## V. CHAVEZ'S DERIVATIVE CLAIMS BASED ON THE FAILURE TO PAY OVERTIME BASED ON THE PROPER "REGULAR RATE" OF PAY CLAIM ALSO FAIL

### A. Claim For Failure To Pay Wages Due At Time Of Termination (Encompassed within Second Cause of Action)

Plaintiff claims that "Defendants regularly and willfully failed and refused to pay all wages due and earned to discharged employees at the time of their termination, or within 72 hours of employees who quit and/or have resigned, or at the time of termination for those employees who gave 72 hours' notice." (FAC ¶ 39.) Specifically, Plaintiff alleges "Defendants violated Labor Code §§ 201-203 by, among other unlawful acts, refusing to pay . . . additional overtime pay as a result of failing to properly include all non-discretionary incentive pay into the regular rate of pay." (*Id.*) Given that Converse correctly calculated the regular rate of pay, Converse did not owe any overtime wages to Plaintiff at the time of his termination.

### B. Claim For Inaccurate Wage Statements (Fifth Cause of Action)

Plaintiff alleges that "Defendants failed in their affirmative obligation to provide accurate

11
MOTION FOR PARTIAL SUMMARY JUDGMENT OR ADJUDICATION OF ISSUES
Case No. 15-CV-03746-NC

24695866v.5

itemized wage statements." (FAC ¶ 56.) Specifically, Plaintiff alleges that Converse failed to accurately state "the correct applicable hourly rates, as well as all of the wages owed for unpaid . . . overtime." (FAC ¶ 57.) Given that Converse correctly calculated the regular rate of pay for overtime wages, Converse also provided accurate wage statements concerning the applicable regular rate for overtime pay and overtime wages.

### C. Claim For PAGA Penalties (Sixth Cause of Action)

This claim also is derivative to the first three claims—"(a) "failure to provide proper payroll records in violation of Labor Code § 226;" "(d) failure to correctly calculate the regular rate of pay by not including all remuneration in the regular rate, including non-discretionary incentive pay" (*Id.*); "(d) failure to pay overtime based on the correct regular rate of pay" (*Id*); "(g) failure to pay all wages owed within the time requirements set forth by Labor Code §§ 201-203." (*Id.*) Given that the other claims fail, the PAGA claim also fails. *See Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) ("Because the underlying causes of action fail, the derivative UCL and PAGA claims also fail."); *accord Porch v. Masterfoods, USA, Inc.*, 685 F. Supp. 2d 1058, 1075 (C.D. Cal. 2008) (same); *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089-90 (N.D. Cal. 2007) (same).

### D. Claim For Unfair Business Practices (Seventh Cause of Action)

This claim also is derivative to the other causes of action. Plaintiff alleges that Converse's conduct for "failing to pay overtime based on the correct regular rate of pay," "failing to provide proper payroll records in violation of Labor Code § 226," and "failing to pay all wages owed within the time requirements of Labor Code §§ 201-203" violated the California Business and Professions Code §§ 17200, *et seq.*[7] However, given that the other claims fail, this derivative claim based on Plaintiff's regular rate theory also fails. *See, e.g.*, *Ingels v. Westwood One Broadcasting Services*, *Inc.*, 129 Cal. App. 4th 1050, 1060 (2005) ("If the [underlying] claim is dismissed, then there is no unlawful act upon which to base the derivative [unfair business practices]"); *Krantz v. BT Visual Images*, 89 Cal. App. 4th 164, 178 (2001) (viability of the [unfair business practices] claim "stands or falls" with the underlying claim).

---

[7] Plaintiff cannot obtain penalties under Business & Professions Code § 17200 for violation of Labor Code §§201-203 or 206 and thus these claims fail for this reason as well.

12

### VI. CONCLUSION

Because Chavez cannot create a material issue of triable fact as to his individual claims for overtime wages, waiting time penalties, unfair competition and PAGA penalties based on his regular rate theory, Converse respectfully requests that the Court grant partial summary judgment in Converse's favor or, alternatively, summary adjudication of issues of unpaid overtime wages based on the alleged failure to pay overtime based on quarterly bonuses.

DATED: April 27, 2016                           **SEYFARTH SHAW LLP**

By   /s/ Casey J.T. McCoy
         Jon D. Meer
         Sheryl L. Skibbe
         Casey J.T. McCoy
Attorneys for Defendant
CONVERSE, INC.

13
MOTION FOR PARTIAL SUMMARY JUDGMENT OR ADJUDICATION OF ISSUES
Case No. 15-CV-03746-NC

24695866v.5