Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Nicholas Rosenthal (State Bar No. 268297)
nrosenthal@diversitylaw.com
**DIVERSITY LAW GROUP, A Professional Corporation**
550 South Hope Street, Suite 2655
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

WILLIAM L. MARDER, ESQ. (CBN 170131)
Polaris Law Group LLP
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333
Email: bill@polarislawgroup.com

Attorneys for Plaintiff and the Class

(Additional Counsel on Next Page)

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHAVEZ, as an individual and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>CONVERSE, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.: 15-cv-03746-NC<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:　　　June 1, 2016<br>Time:　　　1:00 p.m.<br>Courtroom: 7, 4th Floor<br>Judge:　　　Hon. Nathanael M. Cousins |

1  Dennis S. Hyun (State Bar No. 224240)
   dhyun@hyunlegal.com
2  HYUN LEGAL, APC
   550 S. Hope St., Suite 2655
3  Los Angeles, CA 90071
   (213) 488-6555
4  (213) 488-6554 facsimile

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
**Case No. 15-cv-03746-NC**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  STATEMENT OF FACTS................................................................................... 2

III. LEGAL STANDARD FOR SUMMARY JUDGMENT................................... 4

IV.  DEFENDANT'S QUARTERLY BONUS DOES NOT QUALIFY FOR THE EXEMPTION SET FORTH IN 29 C.F.R. SECTION 778.210 ................................ 4

V.   CONCLUSION ..................................................................................................... 9

# TABLE OF AUTHORITIES

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)........................................................ 4

*Brock v. Two R Drilling Co.*, 789 F.2d 1177, 1179 (5th Cir. 1986) ................................................ 7

*Kousar v. Mueller*, 549 F. Supp. 2d 1194, 1197 (N.D. Cal. 2008).................................................. 4

*Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) ........................................... 4

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ............................. 4

*Pac. Merchant Shipping Ass'n v. Aubry,* 918 F.2d 1409, 1426-27 (9th Cir. 1990)......................... 5

*Rieve v. Coventry Health Care, Inc.,* 870 F. Supp. 2d 856, 867 (C.D. Cal. 2012) ......................... 5

*Siomkin v. Fairchild Camera & Instrument Corp.*, 174 F.2d 289 (2d Cir. 1949) .......................... 7

*T.W. Electric v. Pacific Elec. Contractors*, 809 F.2d at 630–31 (1987) ......................................... 4

*Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002) ............................................................................................................................................ 4

*Wert v. U.S. Bancorp*, No. 13-CV-3130-BAS BLM, 2014 WL 7330891, at *3 (S.D. Cal. Dec. 18, 2014) ............................................................................................................................................ 5

**State Cases**

*Huntington Mem'l Hosp. v. Superior Court*, 131 Cal. App. 4th 893, 910 (2005).......................... 9

*Marin v. Costco Wholesale Corp.*, 169 Cal. App. 4th 804, 807 (2008), *as modified on denial of reh'g* (Jan. 21, 2009)..................................................................................................................... 4

*Morillion v. Royal Packing Co.,* 22 Cal. 4th 575, 592 (2000), *as modified* (May 10, 2000*)* ......... 5

**Federal Codes**

29 C.F.R. Section 778.210................................................................................................... passim

**Federal Rules**

Fed. R. Civ. P. 56(a) ....................................................................................................................... 4

FRCP 30(b)(6) ................................................................................................................................ 2

**State Statutes**

Cal. Labor Code § 510(a)................................................................................................................ 5

1  **Other Authorities**

2  Cal. Division of Labor Standards Enforcement ("DLSE") Enforcement Policies and

3     Interpretation Manual at §§ 49.1, 49.2.4 (June 2002).................................................................. 4

4  DLSE Opinion Letter 1991.03.06-1.............................................................................................. 5

5  DLSE's Enforcement Policies and Interpretations Manual ............................................................ 6

6  DOL Opinion Letter 2005.08.26.................................................................................................... 7

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
Case No. 15-cv-03746-NC

## I. INTRODUCTION

Plaintiff Eric Chavez ("Plaintiff") agrees that the facts are undisputed and that Defendant Converse, Inc.'s ("Defendant" or "Converse") Motion for Partial Summary Judgment presents a pure question of law. Indeed, given that this is solely a pure question of law, class certification on this issue should be granted. However, this pure question of law must be resolved in Plaintiff's favor, such that if summary judgment is granted for any party, it should be granted for Plaintiff.

It is undisputed that all forms of non-discretionary remuneration, including merit bonuses, must be included in the "regular rate of pay." The regular rate is the dollar amount used to calculate an employee's hourly rate of pay for purposes of paying overtime. For example, if an employee's hourly rate is $10, his **base** regular rate for purposes of overtime is $10 x 1.5, or $15. If, however, the employee also earns a non-discretionary bonus during the same period, such as an annual merit bonus, this amount must be included in the regular rate of pay, such that the $15 overtime rate would increase in amount after taking into account the merit bonus. Indeed, Defendant agrees that "production bonuses, bonuses for quality and accuracy of work, [and] bonuses contingent upon the employee's continuing in employment until the payment ... must be included in the regular rate of pay." (Def.'s Memo. at p. 8:11-19).

It is also undisputed that Defendant pays class members a "Quarterly Bonus." This Quarterly Bonus is comprised of various items, including an **annual performance bonus**, as well as vacation pay and paid time off. Significantly, Defendant admits that it does not include the Quarterly Bonus into the regular rate of pay for purposes of overtime. Instead, Defendant erroneously relies on an inapplicable exemption set forth in 29 C.F.R. Section 778.210. As this Court knows, Plaintiff has not brought his regular rate claim under the federal Fair Labor Standards Act (the "FLSA"), and its federal regulations, including Section 778.210. To the contrary, Plaintiff is asserting claims pursuant to only the California Labor Code. As this Court also knows, California wage and hour laws provide far greater protection to California employees, as opposed to federal law. Not surprisingly, Defendant has failed to cite a single California case following Section 778.210's exemption. Rather, the only authorities cited by

Defendant are a 1949 Second Circuit case authored by Justice Learned Hand and a 1986 Fifth Circuit case. However, as discussed below, these cases actually support Plaintiff and require denial of Defendant's Motion.

Even assuming that Section 778.210 could apply to a California wage and hour claim, it is undisputed that Defendant's Quarterly Bonus does not qualify for this limited exception. Section 778.210 states only that an employer need not include a bonus in the regular rate if it is based **strictly** on a percentage of overtime and/or straight time earnings. In other words, this Section has been interpreted to mean that a bonus need not be included in the regular rate of pay if it is comprised **solely** of a percentage of overtime and straight time earnings. This is confirmed by all of the authority cited by Converse, as well as the United States Department of Labor's (the "DOL") Opinion Letter. Here, while a small part of the bonus is based on an employee's overtime, many other parts of the bonus are predicated on non-overtime factors.

Indeed, if Converse's Quarterly Bonus was comprised solely of the annual merit bonus, it would be undisputed that Converse would be legally required to include the bonus in the regular rate. Converse, however, is attempting to escape liability by adding a smattering of overtime and straight-time earnings into the Quarterly Bonus. If Converse's illogic were followed, then any employer could evade the overtime laws by combining a miniscule percentage of overtime and straight-time with a non-discretionary bonus, such as the annual merit bonus at issue in this case. Thus, based on the law cited by Converse, it is undisputed that Defendant is violating California law by not including the Quarterly Bonus in the regular rate of pay.

Accordingly, Defendant's Motion for Summary Judgment should be denied. Further, if summary judgment is granted for any party, it should be granted for Plaintiff.

## II. STATEMENT OF FACTS

Kimberly Kiefer was designated as the FRCP 30(b)(6) witness to testify on behalf of the Company relating to the regular rate of pay for California employees during the class period, including how it is calculated and paid. (Deposition of Kimberly Kiefer ("Kiefer Depo.") 29:11-

17, Ex. 100).[1]

As Ms. Kiefer testified, Defendant's Quarterly Bonus is comprised of various items, including a **Merit Developmental Lump Sum Award**, or an annual bonus based on performance, as well as paid time off. Thus, contrary to Defendant's contentions, the Quarterly Bonus does **not** consist solely of a percentage of an employee's overtime and straight time:

> Q. And just if I'm understanding the calculations correctly, the Base Pay is one of the components of the formula, so the Quarterly Earnings include Base Pay, which I guess would be Straight Time?
> A. Yes, Straight Time.
> Q. Overtime?
> A. Yes.
> Q. **Plus Paid Time Off?**
> A. If they earned Paid Time Off, yes.
> Q. **Plus Merit Developmental Lump Sum Awards?**
> A. **So every year we give Merit Increases off of their Performance Review**, like other organizations, so if that was given, you know, in the course of that quarter, **then that would be included as well.**

(Kiefer Depo. 194:18-195:6 (emphasis added)).

Thus, the Quarterly Bonus includes a merit increase bonus, as well as paid time off. The Quarterly Bonus is then calculated by multiplying the amount by the employee's job code and the revenue achievement for the employee's store. (Kiefer Depo. 195:7-19). Converse has used this formula since 2011, through the present. (Kiefer Depo. 195:22-196:2).

This is confirmed by the bonus plan documents attached to the Declaration of Fabi Arevalo ("Arevalo Decl."). In each of these policies, it is undisputed that the bonus policy is ***not comprised solely*** of a percentage of overtime and/or straight-time. Rather, each of the bonus plans show that the Quarterly Bonus also includes a merit bonus not tied to hours, paid-time off and/or vacation pay. (Arevalo Decl. Ex. A-D, Dkt. No. 56-1 at pp. 8, 19, 29, 39). As the Court can see, Defendant's own documents and FRCP 30(b)(6) witness confirm that Defendant's Quarterly Bonus is **not** comprised of only a percentage of overtime and/or straight-time earnings.

---

[1] Ms. Kiefer's deposition transcript is attached to the Declaration of Larry W. Lee ("Lee Decl.") as Exhibit "A."

Thus, as discussed in further detail below, Defendant cannot invoke the exception of the CFR.

### III. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment may only be granted where the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show[ ] that there is no genuine [issue of material] dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is "material" if it might affect the outcome of the suit under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Thrifty Oil Co. v. Bank of America Nat'l Trust & Savings Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002). A dispute is "genuine" as to a material fact if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248; *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). In judging evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, and must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts. *See T.W. Electric*, 809 F.2d at 630–31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)); *Kousar v. Mueller*, 549 F. Supp. 2d 1194, 1197 (N.D. Cal. 2008) (citing *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587).

### IV. DEFENDANT'S QUARTERLY BONUS DOES NOT QUALIFY FOR THE EXEMPTION SET FORTH IN 29 C.F.R. SECTION 778.210

Pursuant to California law, employers must include all non-discretionary items of pay, including annual merit bonuses, into the regular rate of pay for purposes of calculating overtime pay. Cal. Division of Labor Standards Enforcement ("DLSE") Enforcement Policies and Interpretation Manual at §§ 49.1, 49.2.4 (June 2002)[2]; *Marin v. Costco Wholesale Corp.*, 169 Cal. App. 4th 804, 807 (2008), *as modified on denial of reh'g* (Jan. 21, 2009) ("Where a bonus payment is considered a part of the regular rate at which an employee is employed, it must be

---

[2] The relevant portions of the DLSE Manual cited herein is attached to Plaintiff's Request for Judicial Notice as Exhibit "A."

included in computing his regular hourly rate of pay and overtime compensation."); *Wert v. U.S. Bancorp*, No. 13-CV-3130-BAS BLM, 2014 WL 7330891, at *3 (S.D. Cal. Dec. 18, 2014) ("'Regular rate of pay' [under California law] takes into account compensation beyond the normal hourly rate, including commissions and non-discretionary bonuses.") (Citing Cal. Labor Code § 510(a)).

In this respect, California law is even more expansive and protective of employees than federal law.[3] As the DLSE has further explained in its Opinion Letter:

> Bonus payments, with certain exceptions, are included in the calculation of overtime. **Bonuses based on incentive must be calculated into the employee's wages to determine the "regular rate of pay."**

(DLSE Opinion Letter 1991.03.06-1 at p. 1, emphasis added, attached as Exhibit "B" to Request for Judicial Notice ("RJN")).[4]

The DLSE stressed that with very narrow exceptions, all non-discretionary remuneration must be included in the regular rate of pay, including discretionary pay, or gifts. (*Id.* at p. 1, n. 1).

For example, if an employee normally earns $10 per hour, his/her respective overtime rate of pay would equate to $15 per hour (1.5 times the normal hourly rate of pay) if the employee does not earn any additional incentive compensation. However, if the same employee

---

[3] It is well-settled that California's wage and hour laws provide far greater protections for employees, as opposed to the FLSA and its federal regulations. More importantly, whenever California law is more protective of employees, courts have followed California law instead of federal law. *See*, *e.g., Morillion v. Royal Packing Co.,* 22 Cal. 4th 575, 592 (2000), *as modified* (May 10, 2000)* ("our departure from the federal authority is entirely consistent with the recognized principle that state law may provide employees greater protection than the FLSA"); *Pac. Merchant Shipping Ass'n v. Aubry,* 918 F.2d 1409, 1426-27 (9th Cir. 1990) (holding that California's more protective labor laws apply when FLSA is less protective); *Rieve v. Coventry Health Care, Inc.,* 870 F. Supp. 2d 856, 867 (C.D. Cal. 2012) ("This Court is not willing to ignore a clear and deliberate policy choice by the state legislators to provide more expansive coverage under state overtime laws than is available under the FLSA.").

[4] Courts routinely follow the DLSE's Opinion Letters in construing California's wage and hour laws. *See*, *e.g.*, *Rieve v. Coventry Health Care, Inc*., 870 F. Supp. 2d 856, 867 (C.D. Cal. 2012) ("The Department of Labor Standards Enforcement ('DLSE') Opinion Letters cited by Plaintiff are also instructive in interpreting the Legislature's intent. This Court recognizes that it is ultimately the judiciary's role to construe the language of a statute, but DLSE letters are due 'consideration and respect.'").

does in fact earn additional incentive compensation, such as an annual performance bonus, during the same time period he/she works the overtime hours, the respective employee's overtime rate of pay may be bumped up to $15.50 per hour (or some amount higher than $15 per hour) once the addition incentive pay is factored into the regular rate of pay.  Indeed, the exact manner in which such incentive compensation are calculated into the regular rate of pay is specified the DLSE's Enforcement Policies and Interpretations Manual ("DLSE Manual") at section 49, and in particular, section 49.2.4.[5]  Accordingly, the additional overtime pay based upon the bonus being factored into the normal hourly rate of pay is derived by multiplying a particular rate of pay by the applicable overtime hours worked.

To be sure, Defendant agrees that all bonuses, including "production bonuses, bonuses for quality and accuracy of work, [and] bonuses contingent upon the employee's continuing in employment until the payment ... must be included in the regular rate of pay." (Def.'s Memo. at p. 8:11-19).

In an unavailing attempt to escape liability, Defendant erroneously argues that it can invoke the exception set forth in 29 C.F.R. Section 778.210, which provides as follows:

> In some instances the contract or plan for the payment of a bonus may also provide for the simultaneous payment of overtime compensation due on the bonus. For example, **a contract made prior to the performance of services may provide for the payment of additional compensation in the way of a bonus at the rate of 10 percent of the employee's straight-time earnings, and 10 percent of his overtime earnings**. In such instances, of course, payments according to the contract will satisfy in full the overtime provisions of the Act and no recomputation will be required. **This is not true, however, where this form of payment is used as a <u>device to evade the overtime requirements</u> of the Act rather than to provide actual overtime compensation, as described in §§ 778.502 and 778.503.**

(Emphasis added).

Accordingly, Section 778.210 states that where a bonus is based solely on a percentage of overtime and/or straight time earnings, this amount need not be included in the regular rate of pay.  The U.S. Department of Labor (the "DOL"), the federal agency charged with interpreting

---

[5] *See* Exhibit "A" attached to Request for Judicial Notice.

and enforcing federal wage and hour laws has confirmed the plain reading of Section 778.210. In the DOL's Opinion Letter, the DOL opined that an employer need not include a bonus based **strictly** on a percentage of overtime and straight-time earnings into the regular rate of pay. The example used by the DOL illustrates the meaning of Section 778.210:

> In February 2001, the company decides to pay a 3% bonus based on company and employee performance during calendar year 2000. Assume employee A earned $40,000 in straight time and $1,000 in overtime wages during calendar year 2000. The incentive bonus is computed by applying the 3% bonus factor to both the $40,000 in straight time (ST), and $1,000 in overtime (OT) earnings as shown below:
>
> Calendar Year 2000
>
> $40,000 (ST) X 3% = $1,200
>
> $ 1,000 (OT) X 3% = $ 30
>
> $1,200 + $30 = $1,230 total incentive bonus paid in February 2001

(DOL Opinion Letter 2005.08.26 at p. 1, attached as Exhibit "C" to Request for Judicial Notice).

The DOL explained that only this scenario would be lawful; specifically, where the bonus is based **only** on a percentage of overtime and straight-time earnings. (*Id.*) In other words, to qualify for Section 778.210's exemption, the bonus must be comprised of **only** a percentage of overtime and straight time, and nothing else.

The cases cited by Defendant confirm this principle. For example, in *Brock v. Two R Drilling Co.*, 789 F.2d 1177, 1179 (5th Cir. 1986), the employer's bonus was based **strictly** on a percentage of the employee's straight time: "[f]or those employees who completed the entire eighty-four-hour workweek, a bonus was paid in an amount equal to one and a half times the employees' straight time rate multiplied by ten." The bonus was not based on any other factors, such as performance. It was in this context in which the Fifth Circuit held that the employer could exclude this bonus from the regular rate of pay, which mirrors the DOL's example above.

Defendant's citation of *Siomkin v. Fairchild Camera & Instrument Corp.*, 174 F.2d 289 (2d Cir. 1949), is also of no help for the same reasons. In *Siomkin*, Justice Learned Hand again reiterated that bonuses based on a percentage of straight time and overtime need not be included in the regular rate of pay:

> A bonus which varies in proportion to "total earnings," **varies in proportion to the sum of the straight time payments and the overtime payments**, and a percentage of an aggregate is ordinarily computed upon every unit of the aggregate, unless some other purpose appears. It would be purely gratuitous to apply the percentage to 'total earnings' over a period upon each dollar of straight time, but upon only sixty-seven cents of each dollar of overtime.

*Id.* (Emphasis added).

None of the authorities lend any assistance to Converse because its bonus is not comprised solely of a proportion or percentage of straight time and/or overtime. Quite the contrary, Converse includes more than just overtime and straight time. Indeed, as Converse's own documents and FRCP 30(b)(6) witness testified, the Quarterly Bonus is also comprised of an **annual merit bonus** based on performance, paid time off and/or vacation pay. (Kiefer Depo. 194:18-195:6; Arevalo Decl. Ex. A-D, Dkt. No. 56-1 at pp. 8, 19, 29, 39).

Here, while part of Defendant's bonus was admittedly predicated on a percentage of the employee's straight time/overtime, there are many other parts of the bonus that were not predicated as a percentage of the employee's straight time/overtime. Thus, at best for Defendant, any portion of Defendant's bonus that is not predicted on an employee's straight time/overtime must be factored into the regular rate of pay.

If the bonus was simply comprised of the annual merit bonus, it would be undisputed that Converse would be violating the law by not including this item into the regular rate. However, by adding small smatterings of overtime and straight-time pay into the Quarterly Bonus, Defendant attempts to circumvent, or evade California's regular rate requirement. Again, California law requires all non-discretionary remuneration to be included in the regular rate, including the annual bonuses paid by Defendant.

In other words, Defendant would undisputedly be required to include the annual bonus and all other non-discretionary remuneration into the regular rate. However, by adding a sprinkling of overtime and straight time pay, Defendant is using the combined Quarterly Bonus as a device to evade the overtime laws, which Section 778.210 warns against. 29 C.F.R. § 778.210 (reiterating that this section is not to be "used as a device to evade the overtime

8

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
Case No. 15-cv-03746-NC

requirements of the Act"); *Huntington Mem'l Hosp. v. Superior Court*, 131 Cal. App. 4th 893, 910 (2005) ("An employer may not engage in a subterfuge or artifice designed to evade the overtime laws.").

If Defendant's incorrect argument was followed, then any employer could evade the regular rate of pay requirements by combining a non-discretionary bonus with a miniscule percentage of overtime or straight time earnings. This subterfuge should not be condoned by this Court and Defendant's Motion should be denied. In fact, given that the undisputed facts and law show that Defendant is violating is violating California's regular rate requirement, summary judgment should be granted for Plaintiff.

## V.    CONCLUSION

For the reasons stated above, Defendant's Motion for Partial Summary Judgment should be denied. Moreover, Plaintiff submits that summary judgment should be granted in his favor, given that it is undisputed that Defendant does not include the Quarterly Bonus in the regular rate of pay.

DATED:  May 11, 2016                           DIVERSITY LAW GROUP, P.C.


                                                By:  _____/s/ Larry W. Lee_____
                                                        Larry W. Lee
                                                Attorney for Plaintiff and the Class