SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
jmeer@seyfarth.com
Sheryl L. Skibbe (SBN 199441)
sskibbe@seyfarth.com
Casey J.T. McCoy (SBN 229106)
cjtmccoy@seyfarth.com
Michael Afar (SBN 298990)
mafar@seyfarth.com
2029 Century Park East, 35th Floor
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
CONVERSE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHAVEZ, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CONVERSE, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 15-cv-03746-NC<br><br>[*The Hon. Nathanael Cousins*]<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION OF ISSUES**<br><br>[*Filed concurrently with Declaration of Jessica Stuckey*]<br><br>Date:         June 1, 2016<br>Time:        1:00 p.m.<br>Courtroom: 7, 4th Floor<br><br>*Complaint Filed:*                    July 10, 2015<br>*FAC Filed:*                       December 4, 2015 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Eric Chavez fails to provide any legal authority or evidence to support the arguments set forth in his Opposition and he thus fails to raise a material issue of fact that Converse owes him unpaid overtime based on an incorrect calculation of his regular rate of pay.  Accordingly, Plaintiff's regular rate claim should be summarily adjudicated in Defendant Converse, Inc.'s favor.

The federal regulations provide that bonuses based on a percentage of an employee's total compensation need not be included in the regular rate of pay and do not require recomputation of overtime.  *See* 29 C.F.R. § 778.210.  Dispositive legal authority confirms that California follows federal law as to the calculation of an employee's regular rate of pay.  Plaintiff's argument that he only asserts claims under the California Labor Code and that California law is more protective is thus unavailing.  The same is true for Plaintiff's claim that only straight time and overtime may be considered as part of a percentage bonus because even if Converse included other types of compensation in the calculation of his quarterly bonus, 29 C.F.R. § 778.210 permits bonuses to be calculated on an employee's "total compensation."  Further, Plaintiff's claim of a factual dispute also fails.  No non-discretionary bonuses or other forms of compensation that would normally be included in the calculation of an employee's regular rate of pay were part of the bonus calculation for Plaintiff's quarterly bonuses.

Accordingly, Converse respectfully requests that this Court grant its Motion for Partial Summary Judgment and/or Summary Adjudication of Issues.

## II.  THE BONUS EXEMPTION SET FORTH IN 29 C.F.R. SECTION 778.210 IS APPLICABLE UNDER CALIFORNIA LAW

### A.  California Follows Federal Law on Regular Rate of Pay Issues

Lacking any legal authority, Plaintiff simply asserts that federal law exempting percentage bonuses from the regular rate of pay does not apply in California.  But this is not a situation where state and federal labor laws substantially differ and therefore reliance on federal law is misplaced.  As set forth in Defendant's Motion for Partial Summary Judgment, there is no California regulation or statute requiring the payment of additional overtime on percentage bonuses.  Under the federal regulations,

however, the law specifically exempts "percentage of total earnings" bonuses from the employee's regular rate of pay for overtime purposes when a bonus is calculated as a percentage of an employee's total wages, including both straight-time and overtime wages.  29 C.F.R. § 778.210.  In the absence of a binding state law that provides a different formula for computing bonus overtime, the only applicable standard is the federal regulation, 29 C.F.R. section 778.210; *Advanced-Tech Security Services, Inc. v. Superior Court*, 163 Cal. App. 4th 700, 707 (2008) (referring to the FLSA to interpret regular rate claim under the California Labor Code); *Huntington Memorial Hosp. v. Superior Court*, 131 Cal. App. 4th 893, 902-03 (2005) (summarizing California administrative position that failure of California Industrial Welfare Commission to define the regular rate indicates an intent that California adhere to the FLSA definition; applying section 207 to determine regular rate under California law).

In *Alonzo v. Maximus, Inc.,* 832 F.Supp. 2d 1122, 1129 (C.D. Cal. 2011), the Court analyzed whether certain bonuses should be included in the regular rate of pay.  The Court held that California law does not specifically address the inclusion or exclusion of bonus payments in the "regular rate of pay" and that federal law defining and interpreting the "regular rate" under the FLSA governs the case.  The Court stated that the "construction [of the federal law] is supported by California case law and the DLSE Manual, each of which looks to FLSA standards to interpret the 'regular rate of pay' under California law." *Id.*

Plaintiff's reliance on DLSE and DOL Opinion Letters provide no support for his position.  (Plaintiff's Opp. at p. 3.)  The 1991 DLSE Opinion Letter does not address percentage bonuses but rather the inclusion of non-discretionary bonuses in the regular rate of pay, which is not at issue here.  Moreover, this Opinion Letter lends support for Converse's position that federal law and California law are consistent as the letter specifically states:  "The enforcement of the California overtime requirements follow federal precedent where applicable and where the federal precedent is patterned on language which is similar in intent to California law."  DLSE Opinion Letter 1991.03.06-1 at p. 1.  Similarly, the 2005 Department of Labor Opinion Letter interprets whether a previous year's bonus should be considered compensation for the year it is actually paid, confirming that percentage bonuses which do not require the recomputation of overtime is a lawful method.  DOL Opinion Letter 2005.08.26 at p. 1.

Accordingly, because California law has not enacted any law or federal regulation to the contrary, the federal regulation governing percentage bonuses applies to this case and requires dismissal of Plaintiff's overtime claim based on the alleged improper calculation of his regular rate of pay.

### III. CONVERSE PROPERLY CALCULATED CHAVEZ'S BONUS BASED ON A PERCENTAGE OF HIS TOTAL COMPENSATION

#### A. Plaintiff Does Not Provide Any Authority That a "Percentage of Total Earnings" Bonus Is Strictly Limited to Overtime and Straight Time Wages

Plaintiff does not dispute that Converse paid employees a bonus based on a percentage of his quarterly earnings. Rather, Plaintiff argues that the bonus improperly included compensation paid pursuant to a Paid Time Off policy and a Merit Developmental Lump Sum Award.[1] Plaintiff claims that the bonus exemption as laid out in 29 C.F.R. § 778.210 must be based *only* on a percentage of overtime and straight time earnings. Chavez fails to provide any authority that the bonus exemption under 29 C.F.R. § 778.210 limits total earnings to only overtime and straight-time earnings.

Chavez claims that the DOL Letter "opined that an employer need not include a bonus based **strictly** on a percentage of overtime and straight-time earnings into the regular rate of pay" and that a percentage bonus would be lawful "where the bonus is based **only** on a percentage of overtime and straight-time earnings." (Plaintiff's Opp. at p. 7.) However, the Letter contains no such assertion. It

---

[1] Plaintiff argues "the Quarterly Bonus is comprised of various items, including an annual performance bonus, as well as vacation pay and paid time off." (Pl.'s Opp. at 1:18-20.). Although unclear, it appears that Plaintiff is arguing that "Defendant would undisputedly be required to include the annual bonus and all other non-discretionary remuneration into the regular rate." (Pl.'s Opp. at 8:24-25.) To the contrary, under section 7(e)(2) of the FLSA, payments not for the compensation of an employee's hourly work are considered an exception to the "total remuneration for employment" and do not need to be included in the "regular rate." 29 U.S.C. § 207(e)(2) (the term "regular rate" shall not be deemed to include "payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other expenses, . . . and other similar payments to an employee which are not made as compensation for his hours of employment[.]"); accord 29 C.F.R. § 778.216 ("Section 7(e)(2) of the Act provides that the term 'regular rate' shall not be deemed to include 'payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause'"). Although it was not required to have included any PTO/vacation pay in the total eligible earnings upon which a bonus was paid, its inclusion as part of the eligible earnings did not violate the regular rate because such inclusion was more beneficial to the employees than the minimum required under the federal and California law. *See Harris v. Investor's Bus. Daily, Inc.*, 138 Cal. App. 4th 28, 32 (2006) ("The FLSA establishes a floor for wage-and-hour requirements, but expressly contemplates that other laws may increase those minimum requirements.").

26995171v.2

merely discusses the example provided by the individual requesting the opinion, which in that case only included straight time and overtime in the bonus calculation.  DOL Opinion Letter 2005.08.26 at p. 1.  Nothing in the Letter states or even indicates that 29 C.F.R. § 778.210 precludes the inclusion of other forms of compensation to calculate the percentage bonuses.

Plaintiff similarly misconstrues *Brock v. Two R Drilling Co.,* 789 F.2d 1177, 1179 (5th Cir. 1986) and *Siomkin v. Fairchild Camera & Instrument Corp.,* 174 F.2d 289 (2nd Cir. 1949), cited by Converse in its moving papers, alleging that they both confirm the principle that the bonus must be comprised of only a percentage of overtime and straight time and nothing else.  In fact, neither of these cases assert that "total earnings" as set forth in in 29 C.F.R. § 778.210 should be limited to overtime and straight pay.  The courts reviewed the law only within the context of straight time and overtime because those were the facts in those cases.

**B.     The Merit Developmental Lump Sum Award is a Discretionary Bonus and Does Not Have to Be Included in the Regular Rate of Pay.**

Plaintiff further argues that Converse includes Merit Awards in its calculation of quarterly bonuses and the inclusion of such an award in quarterly earnings causes the quarterly bonus to fall outside the percentage bonus exemption.  (Plaintiff's Opp. at p. 8.)  Plaintiff provides no description or evidence regarding these Merit Awards but merely concludes that these awards, on their own, would have to be included in Plaintiff's regular rate of pay for overtime purposes.  Plaintiff's argument again fails.

Merit Awards are additional compensation provided to certain employees solely at the discretion of managers.  (Declaration of Jessica Stuckey ("Stuckey Decl." ¶3.)  These types of discretionary bonuses—where "both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer"—do not have to be included in the regular rate of pay.  (DLSE Manual, Sec. 49.1.2.4(3) (incorporating the text of 29 U.S.C. § 207(e)(3)).)  Hence, because Merit Awards are discretionary bonuses and are not required to be included in the regular rate of pay for the purpose of calculating overtime, the inclusion of such compensation as part of the percentage on which a quarterly bonus would be calculated does not require the quarterly bonus to be included in

4

Plaintiff's regular rate of pay.

### C. The Argument that the Award Should be Included in the Regular Rate of Pay is Inapplicable as Chavez Never Received an Award.

Moreover, although Plaintiff was eligible to receive a Merit Award for four of the five years he was employed at Converse, he never received one. (Stuckey Decl. ¶4.) Accordingly, a Merit Award was never included when calculating Chavez's quarterly bonuses. (Stuckey Decl. ¶4.) Therefore, Plaintiff has no basis to argue that the Merit Award was wrongly included in the calculation of his quarterly bonuses.

## IV. CONCLUSION

Based on the foregoing, Converse respectfully requests that the Court grant partial summary judgment in Converse's favor or, alternatively, summary adjudication of issues of unpaid overtime wages based on the alleged failure to properly calculate Plaintiff's regular rate of pay.

DATED: May 18, 2016         **SEYFARTH SHAW LLP**

By  */s/ Sheryl L. Skibbe*
    Jon D. Meer
    Sheryl L. Skibbe
    Casey J.T. McCoy
    Michael Afar
Attorneys for Defendant
CONVERSE, INC.

26995171v.2