UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHAVEZ,<br><br>             Plaintiff,<br><br>      v.<br><br>CONVERSE, INC.,<br><br>             Defendant. | Case No. 15-cv-03746 NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 55 |

In this state law wage and hour case, Chavez alleges that Converse inadequately compensated its store employees by failing to appropriately pay overtime and by failing to pay employees for mandatory bag checks at the end of each shift. At issue in this summary judgment motion is whether Converse violates the California Labor Code by paying employees a quarterly bonus without increasing their overtime pay. Certain categories of bonuses require an employer to recalculate the "regular rate" of pay, and as a result, recalculate the time-and-a-half overtime pay. The Court concludes that Converse does not need to recalculate its overtime pay for bonuses paid as a percentage of total earnings or for fully discretionary bonuses. In addition, the Court finds that Chavez did not present material facts that Converse provided a bonus that requires a recalculation of the overtime pay. Thus, the Court GRANTS defendant's motion for summary judgment on claim 2, and GRANTS defendant's motion as to claims 5, 6, and 7 based on the theory that Converse failed to include bonuses in the regular rate of pay.

Case No. 15-cv-03746 NC

## I. LEGAL STANDARD

Partial summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Tolan*, 134 S. Ct. at 1863 (citing *Liberty Lobby*, 477 U.S. at 255).

## II. DISCUSSION

Chavez's second cause of action alleges that Converse has a pattern and practice of violating California Labor Code §§ 510 and 1194. Dkt. No. 1 at 26. Those Labor Code sections require an employer to pay overtime at a rate of one and one-half the employee's regular rate of pay for any work in excess of eight hours in a workday or 40 hours in a workweek. Dkt. No. 1 at 26. Chavez alleges that Converse has a pattern and practice of failing to properly pay overtime because of the way it pays out bonuses.

No party disputes that Converse pays overtime on regular paychecks, then gives employees quarterly bonuses. However, the parties dispute whether Converse's quarterly

bonuses should be included in the calculation of "regular rate of pay" to increase the employee's rate of pay, and thus increase the employee's overtime rate. The parties agree that Converse does not currently make such adjustments.

Converse argues that Chavez received quarterly bonuses as a percentage of an employee's total earnings for the quarter, so the regular rate of pay does not need to be recalculated to include bonus pay. Dkt. No. 55 at 11. In support of its position, Converse states that California courts adopt the definition of "regular rate" set forth in the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(e). *See Prachasaisoradej v. Ralphs Grocery Co., Inc.*, 42 Cal. 4th 217, 242 n.14 (2007) (noting that "California follows the federal standard for purposes of determining, under the Labor Code, what constitutes an employee's regular pay subject to an overtime rate."). Chavez argues that the California Division of Labor Standards Enforcement ("DLSE") Enforcement Policies and Interpretation Manual §§ 49.1, 49.2.4 provides that employers must include all non-discretionary items of pay, including annual merit bonuses, into the regular rate of pay to calculate overtime.

In reviewing the authorities cited by the parties, the Court concludes that California law encourages the Court to be guided by the FLSA where California labor laws are unclear. *See Nordquist v. McGraw-Hill Broad. Co.*, 32 Cal. App. 4th 555, 562 (1995) ("Because the California wage and hour laws are modeled to some extent on federal law, federal cases may provide persuasive guidance."). "In sum, no California court decision, statute, or regulation governs bonus overtime . . . Thus, there is no controlling California authority apart from the directive that overtime hours be compensated at a rate of no less than one and one-half times the regular rate of pay." *Marin v. Costco Wholesale Corp.*, 169 Cal. App. 4th 804, 815 (2008), *as modified on denial of reh'g* (Jan. 21, 2009).

In the context of the "regular rate of pay," the DLSE guidance provides, "In not defining the term 'regular rate of pay,' the Industrial Welfare Commission has manifested its intent to adopt the definition of 'regular rate of pay' set out in the Fair Labor Standards Act . . . In determining what payments are to be included or excluded from the calculation

of the regular rate of pay, California law adheres to the standards adopted by the U.S. Department of Labor to the extent that those standards are consistent with California law." DLSE Enforcement Policies and Interpretations Manual § 49.1.2 (2002).

The FLSA provides that the "regular rate" of pay includes "all renumeration for employment paid to, or on behalf of the employee" with various exceptions. 29 U.S.C. § 207. One of these exemptions are bonuses for a "percentage of total earnings." 29 C.F.R. § 778.210. Logically, this makes sense. If an employer grants a bonus to employee as a percentage of total pay, the employer increased both the regular rate of pay and the bonus pay by the same percentage.

However, if the bonus is based on factors to act as an incentive to the employee, the regular rate of pay must be recalculated to include the additional bonus pay under both federal regulations and California DLSE guidance. 29 C.F.R. § 778.211(c); DLSE Manual § 49.2.4. These incentive factors include bonuses for production, efficiency, quality, and duration of service. *Id.* Merit awards where "both the fact that payment is to be made and the amount of the payment are determined at the sole discretion of the employer" do not have to be included in the regular rate of pay. DLSE Manual § 49.1.3.4(3).

Here, Converse has provided evidence that the bonus plans for store associates use the following formula: "quarterly earnings x target percentage (5%) x 100% x the store revenue achievement percentage." Arevalo Decl. ¶¶ 3,5, Exh. A-C. Quarterly earnings include all base pay, paid time off, overtime, and merit developmental lump sum awards. *Id.*

Converse argues that because the bonus structure is based on quarterly earnings, the entire bonus should be considered a "percentage of total earnings" bonus. In contrast, Chavez argues that Converse's bonus formula includes more than just quarterly earnings, so it should be broken down into the component elements. Dkt. No. 58 at 13. Chavez argues that the merit developmental lump sum awards must be included in the regular rate of pay. *Id.* Converse replies that its merit awards are given at the sole discretion of the employer. Stuckey Decl. ¶ 3. In addition, Converse argues that Chavez never actually

Case No. 15-cv-03746 NC            4

received a merit award.  Stuckey Decl. ¶ 4.

Chavez did not depose Jessica Stuckey, Converse's declarant establishing that the merit awards are discretionary and that Chavez did not receive a merit award.  Chavez states that he has not had adequate opportunity to receive discovery on the question of whether he received a merit award.  In support of his argument that further fact finding is necessary, Chavez includes personal wage statements and pay stubs which establish that he earned a quarterly bonus.  Dkt. No. 63 at Exhs. A, B.  These wage statements and pay stubs demonstrate that Chavez received a bonus but that it is not possible to determine what type of bonus he received.  *Id.*

Additionally, Chavez argues for the first time in his supplemental brief that a quarterly bonus based on paid-time off benefits must be included in the regular rate of pay.  Dkt. No. 63 at 4.  The Court disregards this argument because it was not raised in the initial briefing and Converse's formula does not appear to include paid-time off benefits.  Arevalo Decl. ¶¶ 3,5, Exh. A-C.

As to the parties' initial request that the Court resolve as a matter of law whether Converse's bonus plan is lawful, the Court finds that Converse may provide bonuses based on a percentage of total earnings and fully discretionary merit awards without recalculating the regular rate of pay.

Furthermore, the Court finds that Jessica Stuckey's declaration establishes under penalty of perjury that Chavez did not receive any other type of bonus.  The Court permitted Chavez to request a deposition of Stuckey and to explain why it had not sought to depose her earlier.  Dkt. No. 62.  In response, Chavez did not provide any justification for failing to seek these facts earlier.  As such, Chavez has not established material facts to rebut Converse's evidence and arguments that Chavez did not receive a bonus other than the lawful percentage of total earnings and fully discretionary merit award bonus.  Chavez has also not established facts to suggest that Converse's merit award bonus is not discretionary.  The motion for partial summary judgment is GRANTED.

Additionally, Converse moves for partial summary judgment on claim 5 (California

Labor Code § 266(a)), claim 6 (penalties pursuant to the Private Attorneys General Act of 2004), and claim 7 (violation of California Business and Professions Code § 17200). Converse seeks partial summary judgment on these claims, in as much as they are premised on Chavez's theory that Converse failed to pay adequate overtime wages. The Court GRANTS the motion.

## III. CONCLUSION

The Court GRANTS Converse's motion for partial summary judgment as to claim 2 in its entirety. The Court also GRANTS Converse's motion for partial summary judgment as to claims 5, 6, and 7 to the extent the claims arise from the failure to pay overtime wages as a result of the miscalculation of Chavez's regular rate of pay.

**IT IS SO ORDERED.**

Dated: August 18, 2016  _____
NATHANAEL M. COUSINS
United States Magistrate Judge