SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
jmeer@seyfarth.com
Sheryl L. Skibbe (SBN 199441)
sskibbe@seyfarth.com
Casey J.T. McCoy (SBN 229106)
cjtmccoy@seyfarth.com
Michael Afar (SBN 298990)
mafar@seyfarth.com
2029 Century Park East, 35th Floor
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
CONVERSE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ERIC CHAVEZ, as an individual and on behalf of all others similarly situated,

Plaintiffs,

v.

CONVERSE, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

Defendants.

Case No. 5:15-cv-03746-NC

*[Assigned to Hon. Nathanael M. Cousins]*

**DEFENDANT CONVERSE, INC.'S OBJECTIONS TO PLAINTIFF'S EVIDENCE IN SUPPORT OF HIS REPLY MEMORANDUM FOR MOTION FOR CLASS CERTIFICATION**

Date: September 7, 2016
Time: 1:00 p.m.
Crtrm.: 7 (4th Floor)

Complaint Filed: July 10, 2015
FAC Filed: December 4, 2015

Defendant Converse, Inc. ("Defendant"), hereby submits the following Objections to the Evidence submitted by Plaintiff Eric Chavez ("Plaintiff") in support of his Reply Memorandum regarding his Motion for Class Certification. Defendant requests that the Court consider the additional excerpts of deposition testimony submitted by Defendant, or alternatively, exclude and/or disregard the evidence submitted by Plaintiff in support of his reply memorandum as set forth below:

## I.     GENERAL OBJECTIONS

Federal Rule of Evidence Rule 106 states: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." As the notes of the Advisory Committee on Rule 106 explain: "The rule is an expression of the rule of completeness. . . . The rule is based on two considerations. The first is the misleading impression created by taking matters out of context. The second is the inadequacy of repair work when delayed to a point later in the trial." *In re Chase Bank USA, N.A. CHECK LOAN Contract Litig.*, 274 F.R.D. 286, 289 n.1 (N.D. Cal. 2011) (granting defendant's administrative motion to file a supplemental declaration with excerpts from deposition transcripts "[b]ecause the additional excerpts provide context for the excerpts on which plaintiffs rely"). "Under this doctrine of completeness, a second writing may be required to be read if it is necessary to: (1) explain the admitted portion; (2) place the admitted portion in context; (3) avoid misleading the trier of fact; or (4) insure a fair and impartial understanding." Federal Trial Handbook Civil § 50:3 (4th ed.).

In support of his reply memorandum, Plaintiff submitted deposition testimony from the depositions of five of Defendant's 35 declarants. However, the deposition testimony submitted does not provide complete testimony, such that the Court may be left with a mistaken perception of the evidence. Plaintiff's reply papers and evidence submitted in support thereof mischaracterize the testimony provided by Defendant's declarants. Defendant seeks only to provide a more complete record on which the Court can decide the issues presented in Plaintiff's Motion.

## II. SPECIFIC OBJECTIONS TO PLAINTIFF'S EVIDENCE IN REPLY

### A. Deposition of Jared Neidholdt

| Testimony Offered by Plaintiff | Grounds for Objection |
|---|---|
| Plaintiff's Reply: "Mr. Neidholdt admitted that his Declaration was not accurate … Mr. Neidholdt openly misrepresented in his declaration security checks were performed at the location at which he worked." Reply, 7:15-21, citing Neidholdt Dep., 65:20-66:5.<br><br>Q. So I want to direct your attention, Mr. Neidholdt, to paragraph 12 of Exhibit 301. Do you see the first sentence?<br><br>A. Yep.<br><br>Q. "I conduct bag checks while employees are still on-the-clock." That sentence is not entirely true based on your testimony here today, correct?<br><br>THE WITNESS: That is correct. | **Evidentiary Objection:** Misstates testimony, incomplete testimony (FRE Rule 106). Neidholdt testified that his declaration was accurate and truthful.<br><br>**Testimony:**<br><br>Neidholdt Dep., 66:13-15.[1]<br><br>A. But the statement in paragraph -- in number 12, "I conduct bag checks while employees are still on-the-clock," that is true because I do.<br><br>Neidholdt Dep., 67:24-25.<br><br>A. My statement is truthful. It's what I put down. |

### B. Deposition of Akiyo Saliot

| Testimony Offered by Plaintiff | Grounds for Objection |
|---|---|
| Plaintiff's Reply: "What Defendant omitted to disclose, however, is that all searches performed at any time other than closing shifts were off-the-clock." Reply, 7:5-7, citing Saliot Dep., 52:12-19; 53:5-11.<br><br>Q. Okay. So you can think of -- strike that. So would those searches be on the clock or off the clock, if they're occurring at the back of the store, for an employee leaving in the middle of the day?<br><br>A. Off the clock.<br><br>Q. So they will clock out first and then you will search them?<br><br>A. Correct.<br><br>Q. So in paragraph nine, the second | **Evidentiary Objection:** Misstates testimony, incomplete testimony (FRE Rule 106). Saliot testified that bag checks and security inspections occurred on-the-clock at closing and rest breaks.<br><br>**Testimony:**<br><br>Saliot Dep., 51:7-15.<br><br>Q. I understand. In paragraph nine, you talk about how sometimes you'll be at the back of the store and you'll conduct bag checks for employees at the back that are on the clock. Do you see that?<br><br>A. Um-hum.<br><br>Q. Is this in reference to times other than |

[1] All deposition testimony cited is attached to the concurrently filed Declaration of Michael Afar ("Afar Decl.").

| Testimony Offered by Plaintiff | Grounds for Objection |
|---|---|
| sentence reads, "Because I'm so close to the employee locker area, I will conduct bag checks while the employees are on the clock." That's a reference only to when employees are leaving for a rest break or when it's closing shift; right?<br><br>A. Yes. | closing shift?<br><br>A. When they're leaving for a 15-minute break, they're on the clock.<br><br>Saliot Dep., 53:5-11.<br><br>Q. So in paragraph nine, the second sentence reads, "Because I'm so close to the employee locker area, I will conduct bag checks while the employees are on the clock." That's a reference only to when employees are leaving for a rest break or when it's closing shift; right?<br><br>A. Yes. |

### C. Deposition of Alcina Rosas

| Testimony Offered by Plaintiff | Grounds for Objection |
|---|---|
| Plaintiff's Reply: "Ms. Rosas testified that for all searches other than during closing, security checks are performed at the front of the store, and off-the-clock." Reply, 6:19-20, citing Rosas Dep., 25:21-26:5, 33:2-5.<br><br>Q. And what did she tell you about where these checks were to occur?<br><br>A. If it's a midday shift that we're leaving, usually it's up in the front of the store, because we're coming from the back. If it's a closing shift, it's usually in the back of the store because we're all back there already.<br><br>Q. So, in other words if your shift is over at 2:00 p.m., your check will be at the front of the store?<br><br>A. Yes.<br><br>Q. And you just testified a moment ago that for closing shifts you perform your bag checks at the back of the store; right?<br><br>A. Yes. | **Evidentiary Objection:** Misstates testimony, incomplete testimony (FRE Rule 106). Rosas testified that bag checks are also performed on-the-clock during rest breaks.<br><br>**Testimony:**<br><br>Rosas Dep., 42:23-43:11.<br><br>Q. Does that mean there are other times when bag checks are performed off the clock, and this is just one example of that, or is that actually the only time the bag checks are performed off the clock -- I'm sorry, on the clock?<br><br>A. Whenever -- well, it's every time we close it's on the clock and, like, during our breaks. So the 15-minute breaks, that's when it's on the clock.<br><br>Q. If you're leaving the store?<br><br>A. If you're leaving the store.<br><br>Q. Okay. Because you don't actually clock out for your breaks?<br><br>A. Yeah. |

**D. Deposition of Francisco Badillo**

| Testimony Offered by Plaintiff | Grounds for Objection |
|---|---|
| Plaintiff's Reply: "Specifically, he revealed during his deposition that the only time security checks are not performed at the front of the store is during the security check that occurs when the store is closing." Reply, 6:1-4, citing Badillo Dep., 24:9-20.<br><br>Q. And you mentioned before that bag checks performed, I guess when the store is closing at the end of the day, are performed at the back because it's the last time the lights will be on?<br><br>A. Yes.<br><br>Q. What do you mean by that?<br><br>A. So upon exiting the store, we clock out. I set the alarm. I turn off all the lights and then we exit and lock the gate. I do my bag checks at the back, in front of the camera when the lights are on, because to me it didn't make sense to do it in the front of the store when you can't see anything. | **Evidentiary Objection:** Misstates testimony, incomplete testimony (FRE Rule 106). Badillo did not testify that the "only" time security checks are not performed at the front of the store is during closing.<br><br>**Testimony:**<br><br>Badillo Dep., 24:9-20.<br><br>Q. And you mentioned before that bag checks performed, I guess when the store is closing at the end of the day, are performed at the back because it's the last time the lights will be on?<br><br>A. Yes.<br><br>Q. What do you mean by that?<br><br>A. So upon exiting the store, we clock out. I set the alarm. I turn off all the lights and then we exit and lock the gate. I do my bag checks at the back, in front of the camera when the lights are on, because to me it didn't make sense to do it in the front of the store when you can't see anything. |

**E. Deposition of Amanda Amato**

| Testimony Offered by Plaintiff | Grounds for Objection |
|---|---|
| Plaintiff's Reply: "Once Ms. Amato moved the security check location to the front of the store, Ms. Amato admits that the checks became off-the-clock, but at the same time, the security checks were being conducted in compliance with Defendant's mandatory policy." Reply, 4:24-5:1, citing Amato Dep., 38:16-39:12.<br><br>Q. What confused me about it is that you used the present tense in the following sentences, so that's why I was a little confused. So paragraph 12 is only true up until you had your conversation with Ms. Link, right?<br><br>A. Correct.<br><br>Q. At which point she told you the bag | **Evidentiary Objection:** Misstates testimony, incomplete testimony (FRE Rule 106). Amato testified that Defendant's policy did not state that bag checks needed to be conducted off the clock to be compliant.<br><br>**Testimony:**<br><br>Amato Dep., 38:24-39:2.<br><br>Q. Because that's what company policy is, right?<br><br>A. Well it doesn't state it needs to be conducted off the clock, it just states that you need to conduct them in the front of the store before they leave. |

| Testimony Offered by Plaintiff | Grounds for Objection |
| --- | --- |
| checks need to be at the front of the store and thus off the clock, right?<br><br>A. Correct.<br><br>Q. Because that's what company policy is, right?<br><br>A. Well it doesn't state it needs to be conducted off the clock, it just states that you need to conduct them in the front of the store before they leave.<br><br>Q. Practically speaking though, if the searches or inspections are occurring at the front of the store, they're going to be off the clock, right?<br><br>A. Within my store, they currently are being done off the clock, correct. | |

## III. GENERAL OBJECTION TO FORMAT OF PLAINTIFF'S REPLY

Defendant also objects to Plaintiff's reply brief on the grounds that it violates United States District Court, Northern District of California, Local Rule 3-4(c)(2). Local Rule 3-4(c)(2) requires filed papers to be "**double-spaced with no more than 28 lines per page**, except for the identification of counsel, title of the case, footnotes and quotations." Yet, nearly every page in Plaintiff's reply contains 29 or 30 lines of text. Moreover, Plaintiff's counsel already has been admonished by another judge in the Northern District for this same behavior and violation of the Local Rule. *See* Hearing Transcript on Motion for Class Certification in *Rodriguez v. NIKE Retail Services, Inc.*, 2:22-3:8, Afar Decl., ¶ 7, Ex. F ("And Mr. Lee, before we get started, let me tell you that if you ever again file a brief with no margins and 31 lines to a page and less than 12 point type, I will strike it. … We have page limits and we have requirements on briefing, and I will not accept it again. … You didn't have time to write a short brief, so you gave me the long one. It's not acceptable.").

DATED: August 22, 2016

SEYFARTH SHAW LLP

By *__/s/ Michael Afar__*
Michael Afar
Attorneys for Defendant