Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Nicholas Rosenthal (State Bar No. 268297)
nrosenthal@diversitylaw.com
**DIVERSITY LAW GROUP, A Professional Corporation**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Certified Class

*Additional Counsel On Next Page

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHAVEZ, as an individual and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>      vs.<br><br>CONVERSE, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No.: 15-cv-03746-NC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:        October 4, 2017<br>Time:       1:00 p.m.<br>Courtroom: 7, 4th Floor<br>Judge:     Hon. Nathanael M. Cousins<br><br>Complaint Filed:   February 25, 2014 |

1

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILLIAM L. MARDER, ESQ. (CBN 170131)
Polaris Law Group LLP
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333
Email: bill@polarislawgroup.com

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
HYUN LEGAL, APC
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 4, 2017, at 1:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 7 of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, CA 95113, before the Honorable Nathanael M. Cousins, Plaintiff Eric Chavez ("Plaintiff") and the Certified Class will and hereby do move this Court for an Order for Partial Summary Judgment in favor of Plaintiff and the Certified Class against Defendant Converse, Inc. ("Defendant") of the following issue:

1. <u>Issue No. 1</u>: that, by requiring all Class Members to undergo security inspections prior to leaving the store, Defendant has exercised "control" over these Class Members, such that the time spent undergoing security checks process should be compensated paid time pursuant to *Morillion v. Royal Packing Co.*, 22 Cal.4th 575, 582 (2000).

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Larry W. Lee and Request for Judicial Notice filed herewith, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

Dated: August 18, 2017                         DIVERSITY LAW GROUP, P.C.

By:/s/ Larry W. Lee
                                               LARRY W. LEE
                                               NICHOLAS ROSENTHAL
                                               Attorneys for Plaintiff and the Certified Class

1

2

# TABLE OF CONTENTS

3

4

5

6

7

8

9

10

**I.  INTRODUCTION** .................................................................................. 6

**II.  STATEMENT OF UNDISPUTED FACTS** ............................................ 6

**III.  PROCEDURAL BACKGROUND** ......................................................... 8

**IV.  LEGAL ARGUMENT** ........................................................................... 9

   **A.  The Standard for Summary Judgment** ........................................... 9

   **B.  It Is Undisputed That Employees Are Subject to Converse's Control By Being Forced to Undergo the Security Checks** ....................................................... 10

**VI.  CONCLUSION** ..................................................................................... 13

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1

2

## <u>TABLE OF AUTHORITIES</u>

3

4

**Other Authorities**

5

IWC Wage Order No. 7-2001 ................................................................................. 10, 11

6

**Federal Rules**

7

Federal Rule of Civil Procedure 56(a) ........................................................................ 9

8

**Federal Cases**

9

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) ..................................... 10

10

*Castillo v. Nationstar Mortg. LLC*, No. 15-CV-01743-BLF, 2016 WL 6873526, at *2 (N.D. Cal.

11

   Nov. 22, 2016) ....................................................................................................... 10

12

*Dias v. Nationwide Life Ins. Co.*, 700 F. Supp. 2d 1204, 1214 (E.D. Cal. 2010) .......... 10

13

*Frlekin v. Apple Inc.*, 2015 U.S. Dist. LEXIS 151937, at *10 (N.D. Cal. July 16, 2015) ............ 11

14

*Helton v. Factor 5, Inc.*, 26 F. Supp. 3d 913, 917 (N.D. Cal. 2014)............................... 10

15

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) .................. 10

16

*Miranda v. Coach, Inc.*, No. 14-CV-02031-JD, 2015 WL 1788955, at *2 (N.D. Cal. Apr. 17,

17

   2015) ..................................................................................................................... 13

18

*Otsuka v. Polo Ralph Lauren Corp.*, No. C 07-02780 SI, 2010 WL 366653, at *5 (N.D. Cal. Jan.

19

   25, 2010) ............................................................................................................... 13

20

*Pelz v. Abercrombie & Fitch Stores, Inc.*, No. CV146327DSFJPRX, 2015 WL 12712298, at *2

21

   (C.D. Cal. June 4, 2015)......................................................................................... 12

22

*Rodriguez v. NIKE Retail Services, Inc.* Case No. 5:14-CV-1508 BLF ......................... 12

23

*So. Cal. Gas Co. v. City of Santa Ana*, 336 F. 3d 885, 888 (9th Cir. 2003)................... 10

24

*State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987).......... 10

25

**State Cases**

26

*Morillon v. Royal Packing Co.*, 22 Cal.4th 575, 582 (2000) ...................................... 11

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

## I.     INTRODUCTION

As the Court knows, this case presents a class-wide, undisputed company policy in which Defendant Converse, Inc. ("Defendant" or "Converse") requires all of its employees to undergo a security check whenever they leave the store. This includes a visual inspection of the employee, including the searching of coats/jackets, as well as the opening and searching of any bags carried by the employee. Employees must undergo the security inspection, such that they cannot leave the store without undergoing this check. If the employee refuses, s/he is subject to disciplinary action, up to and including termination of employment. (Deposition of Kimberly Kiefer ("Kiefer Depo.") 70:13-72:5, Exh. 4).[1]

Given that this policy was followed company-wide, this Court granted class certification. As this Court stated in its Order Granting Class Certification:

> Because the time clock is always at the back of a Converse store, while the point of exit is at the front, **all class members are necessarily off-the-clock when they have their bags checked**. ... [T]he Court finds that Chavez has demonstrated that most, if not all, Converse stores are set up such that an employee would necessarily be off-the-clock when a bag check occurs.

(Dkt. No. 89 at 3, emphasis added).

As it is undisputed that Plaintiff Eric Chavez ("Plaintiff") and Class Members were under Defendant's control when they were forced to undergo security checks, partial summary judgment should be granted for Plaintiff and the Certified Class.

## II.     STATEMENT OF UNDISPUTED FACTS

As there is no dispute about the actual policy at issue, the factual recitation necessary for the instant Motion is relatively simple. Defendant Converse, Inc. ("Converse" or "Defendant") operates approximately 20 retail stores throughout the State of California. (Deposition of Corey May ("May Depo."), 24:16-18).[2] Converse houses all employee time-clocks in the break-room or "locker" area, which is located at the back of every store behind the stockroom. (Kiefer Depo.

---

[1] The relevant portions of the deposition of Kimberly Kiefer, one of Defendant's FRCP 30(b)(6) witness, is attached to the supporting Declaration of Larry W. Lee as Exhibit A.
[2] The relevant portions of the deposition of Corey May, one of Defendant's FRCP 30(b)(6) witness, is attached to the supporting Declaration of Larry W. Lee as Exhibit B.

41:13-18; 43:21-24).  Although the store layouts may slightly vary, it is Converse's policy to require all employees to enter/exit through the front door used by the general public.  (Kiefer Depo. 43:18-20; 113:11-114:8).

Converse has set company policies that apply to all of its California retail locations and with which all California employees are to comply with.  (Kiefer Depo., 66:16-25).  Specifically, Converse mandates that <u>all</u> of its retail employees submit to a "security check" before exiting the store at any time (whether at the end of a shift or during a break), regardless of whether they have a bag or not.  (Kiefer Depo. 65:2-5; 153:23-154:2; 176:7-11, 177:2-13).  In other words, whenever an employee leaves the store, he or she must meet with the manager at the store entrance/exit and undergo a visual inspection, which consists of the manager visually inspecting the employee to ensure that the employee does not have a bag or any unpaid merchandise. (Kiefer Depo. 63:17-64:24; 65:2-5; 70:13-75:3; 91:14-24).  Thus, this security check policy mandates a security check whenever an employee leaves the store, including for rest breaks. (Kiefer Depo. 176:7-11, 177:2-13).

Further, when an employee brings a bag, the employee must also open his or her bag so the manager can conduct a visual inspection of the contents of the bag.  (Kiefer Depo. 63:17-64:24).  All security checks are to be performed at the point of exit, which is at the front entrance of each store.  (Kiefer Depo. 88:21-89:22; 89:24-90:12).  Converse has not changed its off-the-clock security check policy and the same policy has been in place over the entire class period. (Kiefer Depo. 70:13-75:3, 84:4-9, 87:5-16, Exhs. 3& 4).

In fact, Converse's admitted company policy is that time spent waiting for and submitting to security checks is *off*-the-clock: ***"it is common practice that an associate would clock out and then on their way out the door, they would get their bag checked***."  (Kiefer Depo. 89:24-90:12). Indeed, this admitted practice is further supported by the logic in the manner in which the employee time clocks are placed in relation to where the security checks take place.  Specifically, employee time clocks are located at the back of each of Defendant's retail stores, which is never located anywhere remotely close to the front entrance.  (Kiefer Depo. 41:13-18; 43:21-24).  These break-rooms are always located at the back of the store for single-level stores, and on the top

floor for most of Defendant's multiple-level stores.  (Kiefer Depo. 41:13-18; 43:21-24, 117:7-118-25).  As further shown above, all security checks are to take place at the front entrance of each retail store.  (Kiefer Depo. 88:21-89:22; 89:24-90:12).

If an employee refuses to undergo a security check, the employee will be subjected to discipline, including up to and including termination:

> Q. So is it true that if an employee refuses to cooperate, with the Store Exit Search, that the employee maybe suspended, pending further investigation?
> A. That's correct.
> Q. And then also may include termination of employment?
> A. Up to and including termination, correct.

(Kiefer Depo. 70:13-72:5, Exh. 4).

Plaintiff was employed by Defendant as an hourly-paid employee from on or about September 2010 to on or about October 7, 2015, at Defendant's retail store located in Gilroy, California.  (Declaration of Eric Chavez ("Chavez Decl.") ¶ 2).  Plaintiff was subject to security checks whenever he left the store, which included undergoing a visual inspection, as well as opening any bags he had with him.  (Chavez Decl. ¶¶ 3-7).  Plaintiff was never compensated by Defendant for the time spent undergoing these security checks as they were all done off-the-clock.  (*Id.*)  With respect to his rest breaks, while rest breaks were taken on-the-clock, because of the security check, the actual amount of time that Plaintiff was able to take an unfettered rest break was cut short.  (Chavez Decl. ¶ 3).

## III.   PROCEDURAL BACKGROUND

Plaintiff filed a class-action complaint on July 10, 2015 in Santa Clara Superior Court.  On August 17, 2015, Defendant removed the matter to this Court.  On December 4, 2015, Plaintiff filed a First Amended Complaint.  The First Amended Complaint alleges causes of action for (1) violation of California Labor Code §§ 1194 and 1197 for failure to pay minimum wages; (2) violation of California Labor Code §§ 510 and 1194 for failure to pay overtime wages; (3) violation of California Labor Code §§ 226.7 and 512 for failure to provide proper meal breaks; (4) violation of California Labor Code § 226.7 for failure to provide proper rest breaks; (5) violation of California Labor Code § 226(a); (6) violation of California Labor Code § 2698, et seq.; (7) violation of  California Business and Professions Code § 17200 et seq. for unfair

8

business practices.    For purposes of this Motion for Class Certification, Plaintiff does not seek certification as to the third cause of action for failure to provide meal breaks.  All other causes of action, including the fourth cause of action for rest break violations, are predicated on Plaintiff's security check claim and/or Plaintiff's regular rate calculation claim.

On December 18, 2015, Defendant took the deposition of Plaintiff Eric Chavez. (Declaration of Larry W. Lee ("Lee Decl.") ¶ 3).  On December 11, 2015, Plaintiff took the deposition of Corey May, who was designated as Defendant's FRCP 30(b)(6) witness for topics related to the security camera systems in Defendant's locations and the storage of video footage. Lee Decl. ¶ 4, Exh. A.  On March 2, 2016 and April 27 2016, Plaintiff took the deposition of Kimberley Kiefer, who was designated as Defendant's FRCP 30(b)(6) witness regarding Defendant's policies, practices and procedures related to employee security checks, and the calculation of the regular rate of pay for purposes of overtime wages.  Lee Decl. ¶ 5, Exh. B.

The Parties then fully briefed class certification.  On September 22, 2016, this Court granted Plaintiff's Motion for Class Certification, finding that common questions of law and fact predominated:

> Because the time clock is always at the back of a Converse store, while the point of exit is at the front, **all class members are necessarily off-the-clock when they have their bags checked**. ... [T]he Court finds that Chavez has demonstrated that most, if not all, Converse stores are set up such that an employee would necessarily be off-the-clock when a bag check occurs.

(Dkt. No. 89 at 3, emphasis added).

The Court certified the following class: "[a]ll current and former non-exempt retail store employees of Converse who worked in California during the period from July 10, 2011, to the present."  (Dkt. No. 89 at 6).

Accordingly, as discussed herein, Plaintiff seeks partial summary judgment on behalf of Plaintiff and the Certified Class.

## IV.    LEGAL ARGUMENT

### A.    The Standard for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that a party may move for summary

9

1   judgment on a claim or a **part of each claim**, and that the court shall grant summary judgment if

2   the movant shows that there is no genuine dispute as to any material fact and the movant is

3   entitled to judgment as a matter of law.  *So. Cal. Gas Co. v. City of Santa Ana*, 336 F. 3d 885, 888

4   (9th Cir. 2003).

5       "Partial summary judgment that falls short of a final determination, even of a single claim,

6   is authorized by Rule 56 in order to limit the issues to be tried."  *Castillo v. Nationstar Mortg.*

7   *LLC*, No. 15-CV-01743-BLF, 2016 WL 6873526, at *2 (N.D. Cal. Nov. 22, 2016) (Judge Beth

8   Labson Freeman granted the plaintiffs' motion for partial summary judgment) (quoting *State*

9   *Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987)).

10      Once the moving party has met its burden, the burden then shifts to the nonmoving party

11  to designate specific facts showing a genuine issue for trial.  *Helton v. Factor 5, Inc*., 26 F. Supp.

12  3d 913, 917 (N.D. Cal. 2014).  As further explained by the Northern District in *Helton*, 26 F. Sup.

13  3d at 917, an opposing party must produce facts sufficient to oppose:

14      To carry its burden, the nonmoving party must show more than the mere existence
        of a scintilla of evidence, [citation], and "do more than simply show that there is
15      some metaphysical doubt as to the material facts."  [Citation]. In fact, the
        nonmoving party must come forward with affirmative evidence from which a jury
16      could reasonably render a verdict in the nonmoving party's favor.  [Citation]. In
        determining whether a jury could reasonably render a verdict in the nonmoving
17      party's favor, the court must view the evidence in the light most favorable to the
        nonmoving party and draw all justifiable inferences in its favor.  [Citation].
18      Nevertheless, inferences are not drawn out of the air, and **it is the opposing
        party's obligation to produce a factual predicate from which the inference
19      may be drawn**.

20  *Id.* (Citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49 (1986), *Matsushita Elec. Indus.*

21  *Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986), and *Dias v. Nationwide Life Ins. Co*.,

22  700 F. Supp. 2d 1204, 1214 (E.D. Cal. 2010)).

23      **B.      It Is Undisputed That Employees Are Subject to Converse's Control By Being**

24              **Forced to Undergo the Security Checks**

25      The IWC Wage Order at issue here requires employers to pay employees for all "hours

26  worked." IWC Wage Order No. 7-2001. "Hours worked" is defined as "the time during which an

27  employee is subject to the control of an employer, and includes all the time the employee is

28

                                                    10

1  suffered or permitted to work, whether or not required to do so." *Id*. § 2(G)

2      As the California Supreme Court held in *Morillion v. Royal Packing Co*., 22 Cal.4th 575,

3  582 (2000), an employee must be paid whenever he or she is "subject to the control of an

4  employer."  In *Morillion*, 22 Cal. 4th at 586-87, the California Supreme Court considered whether

5  employees must be compensated for time spent riding an employer-provided bus to the fields

6  where they worked.  The employer required the employees to ride the bus to the fields.  Given

7  that the employer controlled the employee's activities by requiring them to ride the buses, the

8  California Supreme Court held that this time must be paid.  *Id.*

9      In other words, the employee does not need to be actually "working" to be entitled to

10  wages.  Indeed, Judge Alsup specifically described this distinction in the *Frlekin* summary

11  judgment decision, stating the "California Supreme Court has held that the two phrases – 'subject

12  to the control of an employer' and 'time the employee is suffered or permitted to work' — are

13  'independent factors, each of which defines whether certain time spent is compensable as hours

14  worked.'  *See Frlekin v. Apple Inc.*, 2015 U.S. Dist. LEXIS 151937, at \*10 (N.D. Cal. July 16,

15  2015).  As Judge Alsup further held, the "control theory of liability requires proving two

16  elements. The first is that the employer restrains the employee's action during the activity in

17  question. The second is that the employee has no plausible way to avoid the activity; put

18  differently, the activity must be mandatory and not optional at the discretion of the worker."  *Id*.

19  Therefore, as Plaintiff in this matter has already demonstrated that the putative class was required

20  to undergo security checks in every instance and was not free to leave beforehand, there can be no

21  dispute that they were under Defendant's "control."

22      Indeed, Judge Labson Freeman stated in the *Nike* security check case that it is

23  "implausible" to conclude that employees are not subject to the employer's control when they are

24  required to submit to security inspections:

25          THE COURT: I THINK IT'S **IMPLAUSIBLE** TO THINK THAT
              SOMEONE IS NOT UNDER THE CONTROL OF THEIR
26          EMPLOYER WHEN THEIR PERSONAL PROPERTY OR
              THEIR BODY IS BEING INSPECTED.

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1  *See Rodriguez v. NIKE Retail Services, Inc.* Case No. 5:14-CV-1508 BLF (RT at 7:21-23,

2  attached to the Request for Judicial Notice as Exhibit "A").

3       Judge Dale Fischer reached the same conclusion in *Pelz v. Abercrombie & Fitch Stores,*

4  *Inc.,* No. CV146327DSFJPRX, 2015 WL 12712298, at *2 (C.D. Cal. June 4, 2015).  There, the

5  employer argued that its bag checks were not compensable.  The *Pelz* Court disagreed:

> 6  This is time that Plaintiffs could not, for instance, buy a sandwich at a neighboring
> shop or attend to any personal activity that requires being outside of
> 7  Abercrombie's store. In other words, the relevant facts in this case appear
> materially indistinguishable from those at issue in *Morillion* and permit only one
> 8  reasonable conclusion: Plaintiffs were under Abercrombie's control during off-the-
> clock **bag check waiting periods and the time is compensable**.

9  *Id.* at *2 (emphasis added).

10       Similarly, here, Defendant requires all of its employees to undergo a security check after

11

12  clocking-out whenever these employees leave the store, which includes a visual inspection, as

13  well as a physical inspection of the contents of any bags brought onto the premises.  These

14  security checks are mandated by company policy.

15       Specifically, Converse mandates that <u>all</u> of its retail employees submit to a "security

16  check" before exiting the store at any time (whether at the end of a shift or during a break),

17  regardless of whether they have a bag or not.  (Kiefer Depo. 65:2-5; 153:23-154:2; 176:7-11,

18  177:2-13).  In other words, whenever an employee leaves the store, he or she must meet with the

19  manager at the store entrance/exit and undergo a visual inspection, which consists of the manager

20  visually inspecting the employee to ensure that the employee does not have a bag or any unpaid

21  merchandise.  (Kiefer Depo. 63:17-64:24; 65:2-5; 70:13-75:3; 91:14-24).  Thus, this security

22  check policy mandates a security check whenever an employee leaves the store, including for rest

23  breaks.  (Kiefer Depo. 176:7-11, 177:2-13).

24       Further, when an employee brings a bag, the employee must also open his or her bag so

25  the manager can conduct a visual inspection of the contents of the bag.  (Kiefer Depo. 63:17-

26  64:24).  All security checks are to be performed at the point of exit, which is at the front entrance

27  of each store.  (Kiefer Depo. 88:21-89:22; 89:24-90:12).  Converse has not changed its off-the-

28  clock security check policy and the same policy has been in place over the entire class period.

1 (Kiefer Depo. 70:13-75:3, 84:4-9, 87:5-16, Exhs. 3& 4).

2      If an employee refuses to undergo a security check, the employee will be subjected to

3 discipline, including up to and including termination:

4      Q. So is it true that if an employee refuses to cooperate, with the Store Exit Search, that the employee maybe suspended, pending further investigation?

5      A. That's correct.

6      Q. And then also may include termination of employment?

     A. Up to and including termination, correct.

7 (Kiefer Depo. 70:13-72:5, Exh. 4).

8

9      Accordingly, an employee could not simply bypass the security check and leave the store

to buy a sandwich, or attend to any personal activity outside of the store.  Rather, to be allowed to

10 exit the store, the employee must undergo the security check, including a visual inspection.

11      As such, it is undisputed that these employees are under Converse's control and, therefore,

12 should be paid.  *See, e.g.*, *Miranda v. Coach, Inc.*, No. 14-CV-02031-JD, 2015 WL 1788955, at

13 *2 (N.D. Cal. Apr. 17, 2015) (holding that the "plaintiffs' claims under the California Labor Code

14 are viable and will go forward"; the plaintiffs alleged that all employees were required to undergo

15 security checks before leaving the store); *Otsuka v. Polo Ralph Lauren Corp.*, No. C 07-02780 SI,

16 2010 WL 366653, at *5 (N.D. Cal. Jan. 25, 2010) ("Polo does not dispute that it maintains a

17 uniform policy requiring employees to submit to bag searches, or that it does not compensate

18 employees for time spent waiting for these searches.").

19 **VI.   CONCLUSION**

20      For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment should be

21 granted in favor of Plaintiff and the Certified Class.

22

23

24

25

26

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1   Dated: August 18, 2017                    DIVERSITY LAW GROUP, P.C.

2

3                                             By:/s/ Larry W. Lee
                                                 LARRY W. LEE
4                                                NICHOLAS ROSENTHAL
                                                 Attorneys for Plaintiff and the Class
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**