UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CHAVEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONVERSE, INC.,<br><br>　　　　Defendant. | Case No. 15-cv-03746-NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 179 |

Plaintiff Eric Chavez represents a class of employees, arguing that Defendant Converse, Inc. owes wages for time spent by the class undergoing mandatory security inspections. Moving for summary judgment, Converse argues that its policy was implemented under a good faith understanding of California law and that, in any case, the time spent was *de minimis*. *See* Dkt. No. 179. The Court GRANTS Converse's motion for summary judgment as to Labor Code penalties, but otherwise DENIES the motion.

**I.   Background**

The factual and procedural background of this five-year-old class action is well known to the parties. Since the Court previously recounted that background (*see* Dkt. No. 184), Chavez moved for partial summary judgment on whether the class was under Converse's control when they underwent security checks. *See* Dkt. No. 169. The Court agreed with Chavez and granted partial summary judgment. *See* Dkt. No. 184.

## II. Legal Standard

Under Federal Rules of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Once the moving party meets its burden, then the non-moving party must cite "particular parts of materials in the record" showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A "genuine issue" exists if a reasonable jury could find for the non-moving party. E.g., *Open Text v. Box, Inc.*, No. 13-cv-04910-JD, 2015 WL 428365, at *1 (N.D. Cal. Jan. 30, 2015). On summary judgment, the Court does not make credibility determinations or weigh conflicting evidence, as these determinations are left to the trier of fact at trial. *Bator v. State of Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994).

## III. Discussion

### A. Good Faith Dispute

California law precludes the recovery of penalties when a good faith dispute exists as to whether wages are owed. *See* 8 Cal. Code Regs. § 13520.

> A "good faith dispute" that any wages are due occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a "good faith dispute."

8 Cal. Code Regs. § 13520(a). Put differently, a good faith dispute exists when there is "(1) uncertainty in the law, (2) representations by [an] . . . authority that no further payment [of wages] was required, or (3) the employer's good faith mistaken belief that wages are not owed grounded in a good faith dispute, which exists when the employer

2

presents a defense based in law or fact which, if successful, would preclude any recovery on the part of the employee." *Magadia v. Wal-Mart Assocs.*, 384 F. Supp. 3d 1058, 1085 (N.D. Cal. 2019) (quoting *Diaz v. Grill Concepts Servs., Inc.*, 23 Cal. App. 5th 859, 868 (2018)).

As a threshold issue, Chavez first argues that the good faith defense does not apply to his wage statement claims under Cal. Lab. Code § 226. *See* Dkt. No. 193 at 19. District courts appear to disagree regarding the applicability of the good faith defense to § 226 claims. *Compare Troester v. Starbucks Corp.*, 387 F. Supp. 3d 1019, 1030–31 (C.D. Cal. 2019) (finding that the good faith defense does not apply) *with Magadia*, 384 F. Supp. 3d at 1081–83 (finding that the good faith defense applies to § 226). The Court is persuaded by the majority of cases holding that the good faith defense applies to § 226. *See Magadia*, 384 F. Supp. 3d at 1082–83 (collecting cases). In particular, a violation of § 226 must be "knowing and intentional." *See* Cal. Lab. Code § 226(e)(1). An employer's good faith belief that its conduct was lawful precludes a "knowing and intentional violation." *See Magadia*, 384 F. Supp. 3d at 1082–83.

Turning to the merits, the Court concludes that a good faith dispute exists as to Converse's *de minimis* defense. Before the California Supreme Court's decision in *Troester v. Starbucks Corp.*, 5 Cal. 5th 829 (2018), California and federal courts, including this one, regularly applied the federal *de minimis* defense to small increments of time. *See, e.g.*, Dkt. No. 144; *see also Gillings v. Time Warner Cable LLC*, 583 Fed. App'x 712, 714–15 (9th Cir. 2014) (citing *Gomez v. Lincare, Inc.*, 173 Cal. App. 4th 508, 527 (2000)). Likewise, California's Division of Labor Standards Enforcement also applied the federal *de minimis* standard prior to *Troester*. *See Gillings*, 583 Fed. App'x at 714. Thus, although Converse's defense was ultimately unsuccessful, Converse acted reasonably in asserting the *de minimis* defense given the legal landscape at the time.

Even after *Troester*, the precise contours of the *de minimis* doctrine remain uncertain. *See Troester*, 5 Cal. 5th at 848 (leaving "open whether there are wage claims involving employee activities that are so irregular or brief in duration that employers may

3

not be reasonably required to compensate employees for the time spent on them."); *Rodriguez v. Nike Retail Servs.*, 928 F.3d 810, 818 (9th Cir. 2019) (noting that *Troester* "does not require employers to 'account for [s]plit-second absurdities,'" or when "work is so 'irregular that it is unreasonable to expect the time to be recorded'"). This uncertainty alone presents a good faith dispute.

The Ninth Circuit's decision in *Rodriguez* and *Chavez v. Converse*, 772 Fed. App'x 571 (9th Cir. 2019) do not compel a different conclusion. In *Rodriguez*, the Ninth Circuit reversed a district court's grant of summary judgment based on the federal *de minimis* doctrine. 928 F.3d at 818. The Ninth Circuit recognized that compensation may not be required if the inspections took a "minute," "brief," or "trifling" amount of time. *Id.* Reviewing the record, however, the court found that there was a genuine dispute as to how long exit inspections took and how regularly they were performed. *Id.*; *see also Chavez*, 772 Fed. App'x at 572 (adopting reasoning in *Rodriguez*). Summary judgment was therefore not warranted.

But Converse need not succeed on the merits of its *de minimis* defense to present a good faith dispute. *Magadia*, 384 F. Supp. 3d at 1085 (a good faith dispute exists "when the employer presents a defense based in law or fact which, *if successful*, would preclude any recovery on the part of the employee.") (emphasis added). Here, Converse provided evidence that exit inspections took mere seconds and are "minute," "brief," or "trifling." *Cf. Diaz*, 23 Cal. App. 5th at 873–74 ("A good faith dispute excludes defenses that are unsupported by any evidence, are unreasonable, or are presented in bad faith."). The Ninth Circuit did not close the door on Converse's attempt to litigate the *de minimis* doctrine, but merely held that there was a genuine factual dispute. *See Chavez*, 772 Fed. App'x at 572.

Accordingly, the Court GRANTS Converse's motion for summary judgment as to Cal. Lab. Code §§ 203 and 226 penalties.

**B.**   *De Minimis* **Defense**

As the Ninth Circuit already found, there is a factual dispute as to whether the time spent by the class on exit inspections is sufficiently "minute," "brief," or "trifling" to be *de*

4

*minimis*. *See Chavez*, 772 Fed. App'x at 572; *see also Rodriguez*, 928 F.3d at 811. Likewise, whether it is reasonable for Converse to adopt modern "technological advances [that] may help with tracking small amounts of time" is not appropriate for summary judgment. *Troester*, 5 Cal. 5th at 848. The Court also rejects Converse's suggestion that its expert, Dr. Crandall, should be accorded greater weight than that of Chavez's expert, Dr. Kriegler. *See* Dkt. No. 198 at 10. On summary judgment, the Court may not make credibility findings or weigh conflicting evidence. *Bator*, 39 F.3d at 1026. Accordingly, the Court DENIES summary judgment as to Converse's *de minimis* defense.

### C. Meal and Rest Breaks

In its reply, Converse argues that Chavez's meal and rest break claims should be dismissed because Converse provides its employees with 15-minute breaks and California law only mandates 10-minute breaks. *See* Dkt. No. 198 at 19. Chavez, however, did not have an opportunity to address Converse's argument as it was raised for the first time in reply. Nor did either party raise this issue at the hearing. Accordingly, the Court DENIES summary judgment as to Chavez's meal and rest break claims.

### D. Claims after November 19, 2019

It is undisputed that Converse changed its policies on November 19, 2019, to no longer mandate exit inspections. At the hearing, Chavez conceded that the class did not have claims after that date. *See* Dkt. No. 201. Accordingly, the Court GRANTS summary judgment as to all claims after November 19, 2019.

## IV. Conclusion

The Court GRANTS IN PART Converse's motion for summary judgment as to penalties under Cal. Lab. Code §§ 203 and 226. The Court otherwise DENIES Converse's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: March 13, 2020        _____
                             NATHANAEL M. COUSINS
                             United States Magistrate Judge